UNITED STATES of America,
Plaintiff-Appellee,

v.

David Jewell LILE, Defendant-Appellant.

No. 14424.

United States Court of Appeals
Sixth Circuit.

Decided May 22, 1961.

Robert D. Simmons, Asst. U. S. Atty., Louisville, Ky., William B. Jones, U. S. Atty., and Robert D. Simmons, Asst. U. S. Atty., Louisville, Ky., on the brief, for plaintiff-appellee.

W. Gordon Iler, Owensboro, Ky., Robert L. Gwin, Gwin & Iler, Owensboro, Ky., on the brief, for defendant-appellant.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This is an appeal from the United States District Court for the Western District of Kentucky. The principal question involved is whether the trial judge should have submitted the issue of entrapment to the jury. In refusing to instruct the jury on the subject of entrapment, the District Judge determined as a matter of law that there was no evidence to support the appellant's claim that the government agent created the offense and improperly induced him to commit the crime for which he was indicted.

David Jewell Lile, the appellant, was charged in a two-count indictment of having in his possession, selling and transferring distilled spirits in the amount of twenty gallons on February 9, 1960 and fifteen gallons on February 12, 1960, in violation of section 5604(a) (1) of the Internal Revenue Code, 26 U.S.C.A. § 5604(a) (1). The gravamen of the offense is that the immediate containers in which the liquor was sold had no tax stamps affixed, as required by law.

The government agent, Robert Martin, an investigator for the Alcohol Tax Division of the Treasury Department, was introduced to the appellant at his home by a Mr. Adcock, on February 5, 1960. Mr. Adcock was known to government agents for three or four years and had previously been engaged in the illegal liquor business. At the time of the events in this case, he was not under indictment and so far as was known by government agents was not in the business.

Mr. Martin was introduced to the appellant as Buster Martin and a coal miner who was bootlegging whiskey on the side. In all of his contacts with Lile he wore working clothes characteristic of a miner.

On February 5th, Lile told Martin that he did not have any (whiskey) and on be-

ing asked by Martin if he could find him some said that he could buy some for him. Arrangements were then made for Lile to get whiskey for Martin later.

Martin went back on February 9th. After arguing about price, they agreed on four dollars and a half per gallon. Martin gave Lile ninety dollars and he took the government truck which Martin was driving and brought back to the agreed place of meeting twenty gallons of whiskey. Lile directed Martin to drive Lile's car to a certain place where he said he would meet him with the whiskey. Martin bought fifteen gallons in a similar transaction on February 12th. Lile testified that he made fifty cents a gallon on the transactions. He was unable to make another delivery on the 15th because his source of supply had been caught.

■ Viewing the evidence in the most favorable light to the appellant, we find no evidence to support a claim that he was by "persuasion, deceitful representation, or inducement lured into the commission,"[1] of the crime with which he stands charged. He was not "seduced by the representations of the government into illegal conduct."[2] The ruse as to Martin's identity was no more than the permissible artifice and stratagem which may be employed to catch those engaged in criminal enterprises. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210. Clearly the government agents did not create the offense. They did no more than afford the facility and opportunity for the appellant to make an illegal sale which he was ready and able to do.

In Rodriguez v. United States, 5 Cir., 227 F.2d 912, 914, it was held no error was committed in refusing to charge on entrapment where there was no evidence to support the charge. In Morei v. United States, 6 Cir., 127 F.2d 827, 834, the Court said: "Each case must be governed to a large extent by its own facts." In United States v. Wallace, 3 Cir., 269 F.2d 394, 396, the court quoted with approval the instructions of the trial judge: "The question is whether the defendant was disposed to trade in narcotics or yielded to importations contrary to his own inclination."

There is no evidence in the record of this case that Lile "yielded to importations contrary to his own inclination."

Sorrells v. United States, supra, and Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, can be distinguished from the case at bar on their facts.

We find no merit in the other errors urged by the appellant and the judgment of the District Court is therefore affirmed.

---

1. Sorrells v. United States, 287 U.S. 435, 445, 53 S.Ct. 210, 214, 77 L.Ed. 413.

2. Morei v. United States, 6 Cir., 127 F.2d 827, 835.