Florence RAMSEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 9, 1964.

J. Ervin Sanders, Sanders & Redwine, Pikeville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Florence Ramsey was convicted of illegally possessing alcoholic beverages for sale (second offense). On appeal she argues that: (1) The indictment is defective; (2) the search and seizure were unlawful; and (3) an instruction is erroneous.

The appellee, with commendable candor, admits that the instruction given is erroneous and constitutes reversible error. The instruction embodying appellant's defense required the jury to believe beyond a reasonable doubt the testimony to establish appellant's defense. This type of instruction has been condemned. Biggs v. Commonwealth, 159 Ky. 836, 169 S.W. 525.

In the indictment it was charged "that on or about the 8th day of June, 1964, and twelve months before the finding of this indictment," the offense was committed. Appellant urges that the omission of the word "within" before "twelve months" is a fatal defect. The twelve months allegation is unnecessary in view of RCr 6.10. The indictment otherwise is in conformity therewith and with Official Form 15, Criminal, also designated Form 159.01.

Appellant also contends that the information upon which the search warrant was issued had been obtained in an illegal manner. An Alcoholic Beverage Control Board agent had made a purchase of beer from appellant. Upon this information the search warrant was obtained and the search was made. Appellant says that this procedure was wrong because the agent, prior to making the purchase, had information that appellant had been engaged in the illegal liquor traffic and that he should have obtained a search warrant based on this information. There is some difficulty in following this argument, but there appears to be no merit in it in the light of the so-called "entrapment" cases upholding the right of an officer to make such purchases. See Cooke v. Commonwealth, 199 Ky. 111, 250 S.W. 802; Helton v. Commonwealth,

Ky., 307 S.W.2d 209; United States v. Lile, 6 Cir., 290 F.2d 225.

It is necessary to reverse for the error in the instruction. The sufficiency of the indictment and the search warrant have been discussed in the event of another trial.

Judgment reversed.