**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Anderson BURKHART, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harmon TOLLIVER, Defendant-Appellant.**

**Nos. 16016, 16017.**

United States Court of Appeals
Sixth Circuit.

July 8, 1965.

Ray C. Lewis, London, Ky., Lewis & Weaver, London, Ky., on brief, for appellants.

George I. Cline, U. S. Atty., Lexington, Ky., James F. Cook, Asst. U. S. Atty., Lexington, Ky., on brief, for appellee.

Before EDWARDS, Circuit Judge, McALLISTER, Senior Circuit Judge, and MACHROWICZ, District Judge.

MACHROWICZ, District Judge.

This is an appeal from a conviction in the United States District Court for the Eastern District of Kentucky on an indictment for the illegal possession and transportation of distilled spirits in violation of Sec. 5601, Chap. 51 of the 1954 Internal Revenue Code.

The appellants urge that they are entitled to a reversal on the grounds of unlawful search and seizure and unlawful entrapment. Motions to suppress the evidence and for a directed verdict were denied by the trial court.

The charges grew out of an investigation by the Alcohol and Tobacco Tax Division of the U. S. Treasury Department of reported illicit whiskey traffic in the Perry, Leslie and Harlan county area of Southeastern Kentucky.

One of the investigators, Donald Hall, acting in an undercover capacity, assumed a fictitious name and identity as a "bootlegger" of "moonshine" whiskey. He was provided with a certain amount of currency, the serial numbers of which were previously recorded.

On March 28, 1962, while driving a car on a public highway in the area, he picked up a hitchhiker to whom he divulged a desire to buy whiskey illegally, without disclosing his true identity. The hitchhiker, one Wayne Riddle, said he knew a person who would probably have some, and arranged a meeting with a third party, Delmar Dehart, but the arrangements failed to produce results.

On March 30, 1962, he again met Riddle and Dehart in accordance with a prearranged plan. He gave Dehart Two Hundred Fifty Dollars ($250.00) of recorded currency with which he was to buy whiskey for him. Dehart then proceeded alone to the residence of appel-

lant Burkhart and there bought forty-eight (48) gallons of whiskey, which he testified were delivered to him by both appellants.

On April 6, 1962, under similar arrangements, Dehart received from the agent Three Hundred Dollars ($300.00) in recorded currency and was asked to buy sixty (60) gallons of whiskey. This time he got from the appellants only six (6) gallons, and he returned to agent Hall Two Hundred Seventy Dollars ($270.00).

Government agents testified they observed both violations from a position near the Burkhart dwelling. On the basis of the events of March 30, 1962, an arrest warrant was obtained on April 6, 1962, for Anderson Burkhart and a John Doe, since the name of the appellant Harmon Tolliver was not known to the agents. At the same time they obtained a search warrant for the premises.

Armed with these warrants, on the evening of April 6, 1962, immediately upon delivery to them by Dehart of the six (6) gallons of whiskey, the officers approached the premises of appellant Anderson Burkhart. When a dog started barking, Burkhart came to the door and opened it. The officers then identified themselves, advised him of the warrant for his arrest, announced that they were placing him under arrest for violating the Internal Revenue liquor laws and advised him of his constitutional rights. They then proceeded to search his trousers pocket and found One Hundred Ninety Dollars ($190.00), of the money which bore the serial numbers corresponding to those of the currency used for the purchase of the whiskey. They noticed under a table four (4) half-gallon jars of whiskey which appellant Anderson admitted were his. They also noticed in plain sight in a small back-room appellant Tolliver lying in a bed. He was also similarly advised that he was being placed under arrest and a search of his trousers pockets disclosed Twenty Dollars ($20.00) of currency bearing the recorded serial numbers.

Riddle and Dehart were indicted with these defendants for illegal possession and sale but were found not guilty by the jury.

The arrest warrants and the search warrants were not produced at the trial, but the United States Commissioner testified that he had issued them and the arresting officers testified that they had them in their possession at the time of the arrest.

The lower Court denied the motion to suppress the evidence, holding that the officers were armed with an arrest warrant, identified both appellants as persons whom they had seen commit a felony a few hours previously or had good probable reason to believe had committed a felony. The Court further held that the search of the appellants' pockets was proper as incident to a lawful arrest, irrespective of the search warrant.

■ Appellants rely upon the government's failure to present the arrest warrant at the time of trial as proof that no such warrant existed. But the government's witnesses testified that they did have the warrant at the time of the arrest and the United States Commissioner testified that he had issued it. The Court was not in error in resolving this question of fact on the hearing of the motion to suppress, in favor of the government's contention.

■ Appellants also urge that at the time they were watching the house of Burkhart, the officers could not have been sure that what was loaded from the Burkhart house into the car was in fact whiskey and therefore could not claim they saw a felony committed. But the officers did testify that they saw the transfer of burlap bags, containing jars from defendant's car to the trunk of Dehart's car and that they saw defendants take one jar out to examine it and that the officers a few minutes later examined the contents of the trunk of Dehart's car and found it be whiskey. The Court was not in error in resolving that issue of fact in favor of the contention of the government.

Authorities cited by appellants involving arrests without a warrant and arrests without the officers having seen a felony committed in their presence, are therefore not applicable here.

There can be no question as to the propriety of the Court's finding as to Burkhart. As to Tolliver, who was arrested in the back-room while in bed, there was a John Doe warrant for his arrest. He was identified by the officers as the person who with Burkhart had previously carried the whiskey from the house to the truck.

 He was in plain view of the officers at the time they entered the house and when they saw the jugs of whiskey under the table. Under the holding of Ker v. State of California, 374 U.S. 23, 37, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963), his arrest was lawful. The search of his trousers was equally lawful as incident to his lawful arrest. Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652; Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). For the same reasons, the search of the premises in the evening was reasonable. United States v. Rabinovitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653.

The appellants claim further that they were entitled to have their motion for a directed verdict granted because of illegal entrapment as a matter of law.

The transcript of the proceedings in the District Court discloses that the trial Judge gave a correct and comprehensive instruction to the jury on unlawful entrapment and its legal prerequisites. After conclusion of the instructions, appellants' counsel advised the Court they had no exceptions to them. Neither do they here assert any error in the instructions as given.

On the record of this case, we cannot say that appellants were entitled to a determination that the conduct of the arresting officers constituted entrapment as a matter of law.

■ Entrapment as a matter of law is established only where undisputed testimony makes it patently clear that an otherwise innocent person was induced to commit the act complained of by trickery, persuasion or fraud of a government agent. (United States v. Millpax, Inc., 7 Cir., 313 F.2d 152, 156 and Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413.)

■ There was ample evidence in this case to support a conclusion that the appellants would have sold the illegal distilled spirits regardless of the fact that the government agents used a ruse to conceal their identity. The issue of entrapment was therefore properly left to the jury.

On the facts this case is similar to United States v. Lile, 290 F.2d 225 (Kentucky 1961), where this Court said:

"Clearly the government agents did not create the offense. They did no more than afford the facility and opportunity for the appellant to make an illegal sale which he was ready and able to do."

The judgment of the District Court is therefore affirmed.