Ronnie James **DUSEK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43680.

Court of Criminal Appeals of Texas.

April 27, 1971.

Rehearing Denied June 9, 1971.

Mel S. Friedman, Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James A. Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of marihuana where the punishment was assessed at five years. The imposition of the sentence was suspended and the appellant placed on probation.

In his initial ground of error appellant contends the court erred in failing to suppress evidence concerning the finding of marihuana on his person when the State, despite objection, was unable to exhibit a valid warrant for the arrest of another to the trial court.

These unusual contentions arose in this manner. Shortly after 8 p. m. on November 6, 1968, three Houston police officers went to a residence located at 4185 Elgin Street in Houston. The officers had three felony arrest warrants for one Gerald Snyder who resided there. After knocking at

the kitchen door they were admitted by one Gary Holliman who informed them that Snyder was in the front bedroom. One of the officers, T. A. Bell, testified that upon entering the bedroom he saw Snyder, the appellant Dusek and two other persons; that he then observed the appellant put into his pocket a substance contained in a plastic bag which appeared to his experienced eye to be marihuana. The appellant was arrested and the search incident thereto revealed the plastic bag and its contents which were later · shown by chemical analysis to be marihuana.

Article 14.01, Vernon's Ann.C.C.P., 1967, provides:

"(a) A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

"(b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

When an officer is armed with a valid felony arrest warrant he may legally enter a house for the purpose of executing the same. See Article 15.25, V.A.C.C.P.; 6 Tex.Jur.2d, Arrest, Sec. 44, p. 186. If an officer is lawfully where he has a right to be, i. e., where he has entered a house to execute a felony arrest warrant for one person, he may arrest another person in such house for an offense committed within his view. Therefore, if Officer Bell was where he had a right to be, he had the authority to arrest the appellant for the felony offense of possession of marihuana, and incident thereto search appellant's person.

We do not understand appellant to dispute this proposition of law. He does contend that upon his timely objection, before the officers testified as to the arrest and search, the State was required to produce for the court's inspection the three arrest warrants. He relies upon Vines v. State, Tex.Cr.App., 397 S.W.2d 868; Brown v. State, 166 Tex.Cr.R. 322, 313 S.W.2d 297; Ciulla v. State, Tex.Civ.App., 434 S.W.2d 948; see also Blackburn v. State, 145 Tex. Cr.R. 384, 168 S.W.2d 662; Humphreys v. State, 116 Tex.Cr.R. 304, 31 S.W.2d 631; Henderson v. State, 108 Tex.Cr.R. 167, 1 S.W.2d 300; Nunez v. State, 168 Tex.Cr.R. 455, 329 S.W.2d 93; 11 Tex.Digest, Crim. Law, Sec. 394.5(1); 51 Tex.Jur.2d Searches and Seizures, Sec. 46, p. 731.[1]

██ It is true that the State did not produce the arrest warrants. The officers testified they no longer had possession of such warrants and did not know their whereabouts. The clerk of the Justice of the Peace Court testified the warrants were not in the records of that court. The prosecuting attorney stated a diligent search had failed to uncover them. It may be questioned whether the State's evidence was sufficient to show that the warrants were lost and to also reflect their existence and validity by parol evidence. Be that as it may, the record of the hearing on the motion to suppress evidence reflects the following:

"MR. MOSELEY (Prosecutor): Your Honor, in an effort to resolve this the State would be willing to stipulate that three original warrants would appear to be valid on their face and be substantially the same as Defendant's Exhibit No. 4 (a standard form of an arrest warrant utilized in Harris County).

"MR. FRIEDMAN (Defense Counsel): That's all the stipulation we want, Your Honor.

"THE COURT: Then you accept the stipulation as offered by the State?

"MR. FRIEDMAN: Yes, sir."

In light of the above, we cannot conclude the court erred in failing to require the

---

1. All of such authorities deal with a search rather than an arrest warrant.

State to produce the arrest warrants for its inspection.

■ Appellant further urges that the three felony arrest warrants were not based upon affidavits reflecting probable cause, and were therefore void, not authorizing the officers to enter Snyder's house where the appellant was arrested.

It is true that only recently the United States Supreme Court in Whitely v. Wyoming Penitentiary Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 said:

"The decisions of this Court concerning Fourth Amendment probable cause requirements before a warrant for either arrest or search can issue require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). * * * "

If the appellant desired to attack the legality of his arrest and subsequent search upon this basis, it was incumbent upon him to see that the affidavits were properly in the appellate record. This he has not done; therefore, the legality of his arrest and subsequent search is not presented for review. Lee v. State, 167 Tex.Cr.R. 608, 322 S.W.2d 260; Irwin v. State, Tex.Cr. App., 441 S.W.2d 203; Doby v. State, Tex. Cr.App., 383 S.W.2d 418.

■ The affidavits were apparently marked for identification as Defendant's Exhibits #1, #2 and #3, but were never introduced and are not in the appellate record approved without objection. It does appear that Defendant's Exhibit #1 was read into the record, and, if it be appellant's contention that such action constitutes a sufficient introduction into evidence and incorporation in the record and that the affidavit does not reflect probable cause, the record is still silent as to the contents of the other affidavits. If any one of the felony arrest warrants was valid, the arrest and subsequent search of the appellant would have been proper under the circumstances described.

In light of the above, we need not discuss the question of consent to enter Snyder's house upon which the State also relies to justify the arrest and search of the appellant.

Finding no reversible error, the judgment is affirmed.