Robert George SWAIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 68433.

Court of Criminal Appeals of Texas, En Banc.

Dec. 21, 1983.

Sarnie A. Randle, Jr., Beverly J. Backers, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Bill Willms and Michael D. Olsen, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for inducing sexual performance of a child. V.T.C.A. Penal Code, Sec. 43.25(b). Trial was before the court upon a plea of not guilty. Punishment was assessed at 16 years.

Appellant was convicted of intentionally employing, authorizing, and inducing B——— P———, a female child younger than seventeen years of age, to engage in a sexual performance, "namely, committing various acts of sexual conduct with a male for filming in an untitled video cassette motion picture which begins with an announcement of a mad rapist on the loose."

In his first ground of error, appellant challenges the sufficiency of a search warrant and supporting affidavit and objects to the introduction of evidence obtained pursuant to the warrant.

The affidavit and search warrant were never introduced in evidence or proven up by way of bill of exception. Nothing is before us for review. *Cannady v. State,* 582 S.W.2d 467 (Tex.Cr.App.1979); *Dusek v. State,* 467 S.W.2d 270 (Tex.Cr.App.1971). Further, appellant never obtained a ruling on his pretrial motion to suppress and did not object at trial when the State introduced the video cassette seized pursuant to the warrant. *Exquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App.1980). Appellant's first ground of error is overruled.

In his second ground of error, appellant complains that, "the trial court erred in denying the defense request to allow an expert medical witness to view the complainant engaged in the obscene performance in question where the doctor was subpoenaed for the purpose of establishing a defense under Sec. 43.25(h)(1)(2) & (4)."

At trial, appellant relied on the affirmative defense that he in good faith reasonably believed the complaining witness was 17 years of age or older. Sec. 43.25(g), supra. In reality, the complainant was only 15 when the film was made.

Under Sec. 43.25(h), supra:
"When it becomes necessary for the purposes of this section to determine whether a child who participated in sexual conduct was younger than 17 years of age, the court or jury may make this determination by any of the following methods:
"(1) personal inspection of the child;
"(2) inspection of the photograph or motion picture that shows the child engaging in the sexual performance;
"(3) oral testimony by a witness to the sexual performance as to the age of the child based on the child's appearance at the time;
"(4) expert medical testimony based on the appearance of the child engaging in the sexual performance; or
"(5) any other method authorized by law or by the rules of evidence at common law."

Appellant called Dr. Paris Bransford to the stand. The complaining witness had

gone to see the doctor several weeks before the alleged sexual performance. Even though the complainant was only 15 at the time, Bransford testified that she looked like and had the body of a mature individual, over 17 years of age.

In a pre-trial motion, appellant sought to have Bransford give his opinion of the complainant's age based upon a viewing of the video cassette.

The trial court denied the motion as premature, stating: "I would suggest if you plan to raise it, you raise it later on."

At no time during the trial on the merits did appellant renew his motion. No error is shown.

■ In his final ground of error, appellant asserts there was insufficient evidence to support the conviction, "in light of evidence relating to Defendant's affirmative defense that he reasonably and in good faith believed that the complainant was 17 years of age or older." In other words, appellant maintains that he established his affirmative defense by a preponderance of the evidence as a matter of law.

In addition to the testimony of Dr. Bransford, there was evidence that the complainant told appellant she was 17. At one point during cross-examination the complainant stated that she thought appellant believed she was over 17. When the complainant went with appellant to Dr. Bransford's office, she listed her age as 17 on his questionnaire.

Both the appellant and Richard Moten, one of his employees, testified that the complainant looked well over 17. There was evidence that the complainant told many people she worked with at appellant's place of business that she was 17.

The State presented testimony showing that: the complainant told her pimp, who was a friend of appellant's, and appellant's nephew that she was 15; the complainant's parents told the pimp before the movie was made that their daughter was 15; appellant never made a serious effort to check the complainant's identification; when told the complainant was 17 at their first meeting,

appellant said her age "didn't matter;" appellant, one of his employees, and the complainant went, sometime after the movie was made, to obtain a fake identification for the complainant.

In addition to the foregoing evidence presented by each side, the trier of fact saw the film containing the sexual performance and personally observed the complainant who was still 15 at the time of trial.

Reasonable good faith belief that the complainant was 17 or older is an affirmative defense and the burden of proving such defense is on the defendant by a preponderance of the evidence and the State is not required to negate the existence of such an affirmative defense. The trier of fact, the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given their testimony, was not required to believe appellant's testimony that he thought the complainant was at least 17 or the testimony of appellant's witness. *Madrid v. State,* 595 S.W.2d 106 (Tex.Cr.App.1979). There was no testimony unequivocally showing that appellant believed or manifested a belief that the complainant was 17, other than appellant's own testimony to that effect.

The defense of reasonable good faith belief that the complainant was 17 or older was not established as a matter of law. See also, *Thompson v. State,* 612 S.W.2d 925 (Tex.Cr.App.1981). Appellant's final ground of error is overruled.

The judgment is affirmed.

MILLER, J., dissents to disposition of final ground of error.

CLINTON and McCORMICK, JJ., dissent.

TEAGUE, Judge, dissenting.

Having concluded that the majority erroneously rejects appellant's assertion that as a matter of law he established the affirmative defense of "good faith," I must respectfully dissent.

V.T.C.A., Penal Code, Sec. 43.25(g) expressly provides: "It is an affirmative defense to a prosecution under this section

that the defendant, *in good faith,* reasonably believed that the person who engaged in the sexual conduct was 17 years of age or older." [Emphasis Added].

The State alleged in its indictment that Robert George Swain, appellant, "intentionally and knowingly and knowing the character and content of the material, did employ, authorize, and induce BARBARA ANN PAULK, a child younger than seventeen years of age, to engage in a sexual performance, namely, committing various acts of sexual conduct with a male for filming in an untitled video cassette motion picture which begins with an announcement of a mad rapist on the loose."

By the facts adduced, the State unquestionably established that appellant closely resembles Mephistopheles, a chief devil in the Faust legend. Nevertheless, appellant was not on trial for being immoral, depraved, or perverted, but, instead, was on trial for employing, authorizing, and inducing a person he knew to be under the age of 17 years to engage in a sexual performance in an obscene homemade movie film. To such accusation, appellant's defense was that when he employed, authorized, or induced the complainant to participate in the making of the movie film, he in good faith reasonably believed that the complainant was 17 years of age or over.

The majority opinion convinces me that it is attempting to leave the impression with the reader that the complaining witness was a naive, simple minded youngster. This conclusion, however, is not supported by the record. The record clearly reflects that she is far from being what one would consider "a mere child," but, to the contrary, the record reflects that the complaining witness truly had what is commonly called "street smarts," if no other kind of "smarts."

The record also clearly establishes that long before appellant came into contact with the complaining witness, she had been a full time prostitute. She had had in the past at least two male procurers or pimps. She and the pimps lived off the earnings she had received from other males for engaging in sexual intercourse. The reason that she participated in the making of the obscene movie film was because her then pimp's automobile needed repairs and the pimp had no money with which to pay for the repairs. She frequented such hotels as the Hyatt Regency and the Sheraton, located in downtown Houston, where she solicited "tricks." With one exception, she was never questioned by hotel personnel about her age or what she was doing. It appears that the one exception occurred only because she, a white female, was with a black female. The black female also was a prostitute.

The record further reflects that appellant operated what appears to have been a sleazy bar near downtown Houston. The complainant worked there for a period of time as a nude dancer and waitress. However, the bar appears to have been nothing more than a conduit for a house of prostitution in the form of a room that was located nearby. The complainant also plied her trade as a prostitute when she worked for appellant. Appellant, of course, denied any knowledge that his bar was a conduit for prostitution activities.

There is simply not a scintilla of nonhearsay probative evidence in this record that reflects other than that the complainant looked like and had the body of a mature individual over the age of 17 years. The State presented no evidence to controvert appellant's testimony and evidence that he in good faith reasonably believed that the complainant was 17 years of age or older.

Probably the most crucial testimony on the issue came from a medical doctor, who testified for appellant. The doctor's testimony on this point was neither impeached nor disputed. He testified that he had occasion to examine the complainant less than two months before the complainant performed in the movie. It appears that while the complainant, appellant, and the complainant's second pimp were in a golf cart on a golf course near downtown Houston, lightning struck near the golfcart, causing each of them minor injuries. Whether the

Almighty was trying to tell them something is not revealed by the record. When she went to the doctor for treatment, the complainant represented to the doctor that she was 18 years of age. The doctor testified that the complainant's physical appearance was consistent with a person being 18 years of age.

The Legislature of this State has provided in the present Penal Code both defenses and affirmative defenses. See V.T.C.A., Penal Code, Sections 2.03 and 2.04. Pursuant to Sec. 2.04, an affirmative defense must be established by a preponderance of the evidence. Appellant has more than sustained the burden he had to present sufficient evidence to raise the affirmative defense of "good faith."

Although it is true that the trial court convicted the appellant, and his decision is respected, nevertheless, when the trier of facts' decision to find a defendant guilty is unsupported by any evidence, it is this Court's solemn duty to set it aside. *Pittman v. State,* 140 Tex.Cr.R. 264, 144 S.W.2d 569 (1940).

However, we are not confronted with whether the State proved the elements of the indictment beyond a reasonable doubt, because it did. What we are concerned with is whether appellant established as a matter of law the statutory affirmative defense of "good faith," as provided by V.T.C.A., Penal Code, Sec. 43.25(g).

Sufficiency of the evidence to sustain a criminal conviction is a question of law under both state and federal standards. It is not a "question of fact." *Combs v. State,* 643 S.W.2d 709, 717 (Tex.Cr.App.1982). The relevant question in this cause is whether, as a matter of law, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that when appellant employed, authorized, or induced the complainant to perform in the movie his belief that the complainant was 17 years of age or older was neither reasonable nor done in good faith. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Based upon the evidence adduced, I do not believe that any rational trier of fact could find that appellant's belief that the complainant was 17 years of age or older was either unreasonable or not in good faith. Appellant is entitled to an acquittal.

Although it is true that the trier of fact is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be afforded their testimony, nevertheless, before its verdict or decision may be sustained on appeal, such decision must comport with that of a hypothetical rational trier of fact. In other words, although it is axiomatic that the trier of fact might accept or reject any fact, if there is nothing in the appellate record to support its action, then on appeal such causes it to have acted irrationally and not as a rational trier of fact would act. In that event, it is incumbent upon the reviewing court to order the conviction reversed and order the trial court to enter a judgment of acquittal.

There is yet another reason why appellant is entitled to relief. In viewing the question whether appellant established his defense of good faith as a matter of law, I viewed the evidence solely from the record of appeal that is before us. After doing so, I concluded that he sustained his burden.

The majority, however, points out that "the trier of fact saw the film containing the sexual performance and personally observed the complainant who was still 15 at the time of trial." That is all well and good. Understandably, we are in no position to view the person of the complainant. However, in light of appellant's challenge that he established as a matter of law the defense of good faith, are the members of this Court not also entitled to view the film?

We are deprived of the opportunity to view the film because it has apparently been misplaced or lost by local trial court officials. We are informed that the court reporter who last had possession of the film relinquished control of the film to personnel of the District Clerk's office. It was then stored in a room where exhibits such as the film are kept. Thereafter, the film was misplaced or lost. Thus, we are deprived of the opportunity to view it.

One of the most sacred rights a defendant has when he appeals a conviction is the right to have the appellate court review a complete and not partial record of the trial proceedings. This principle is so fundamental in our law that when the absence of an adequate record occurs through no fault of the defendant, and the void cannot be filled or replaced, the only remedy is to grant the defendant a new trial. *Ex parte Mays,* 510 S.W.2d 606 (Tex.Cr.App.1974). Because the members of this Court are unable to view the crucial and material exhibit, the obscene film in which the complainant participated when it was made, appellant has been deprived of due process of law and is entitled to a new trial.

We have been furnished a photograph which depicts the complainant. However, V.T.C.A., Penal Code, Section 43.25(h)(2) permits the use of a photograph to make the determination whether the child was younger than 17 years of age only in the instance where "the photograph shows the child engaging in the sexual performance." The photograph before us does no such thing.

Appellant is entitled to a reversal and the entry of a judgment of acquittal. At a minimum, he is entitled to a new trial because this Court is without an adequate record of the trial proceedings. The majority thus errs in denying appellant any relief.