**Joyce Ann RUMSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Richard Emil RUBAC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 67958, 67959.**

Court of Criminal Appeals of Texas, En Banc.

June 6, 1984.

Rehearing Denied Sept. 26, 1984.

Melvyn Carson Bruder, Dallas, for appellants.

Henry Wade, Dist. Atty., Jeffrey B. Keck and Esther Eggleston, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is a direct appeal of appellants' convictions for possession of marihuana under Article 4476–15, Section 4.05 of the Controlled Substances Act. Each appellant was assessed punishment of thirty days' confinement and a $200 fine, probated.

Department of Public Safety agents Troy Braswell, Jesse Hooper and other law enforcement officers went to 4017 Prescott, Apartment A, in Dallas on April 13, 1980, for the purpose of executing two arrest warrants issued in Williamson County for appellant Rubac. Agent Braswell knocked on the door of the apartment and after a few seconds Rubac opened the door. The agents smelled the odor of burning marihuana when the door opened, and when Rubac saw the officers he attempted to close the door but Braswell pushed it open and secured appellant Rubac.

As one of the other officers took Rubac into custody, Braswell and Hooper conducted a "sweep search" of the apartment to determine if anyone else was present who might prove to be a danger to the safety of the officers. As the agents climbed a flight of stairs to the second floor they noticed that the smell of marihuana grew stronger. When they reached the second floor they discovered appellant Rumsey standing in the doorway of a bedroom. As Agent Braswell looked into the bedroom he observed a marihuana cigarette burning in an ashtray on a bed about four to five feet from where appellant Rumsey was standing.

The agents took Rumsey downstairs and asked appellant Rubac for consent to search the apartment. When Rubac declined the invitation the agents secured a search warrant. Under appellant Rubac's bed they discovered a brown plastic container with a baggie of marihuana and two hand-rolled marihuana cigarettes.

Initially, the appellants attack the validity of the arrest warrants issued from Williamson County and argue that, as a result of those warrants' invalidity, the police action in knocking on the door of appellants' apartment violated the Fourth Amendment of the United States Constitution. Indisputably, the record shows that the officers went to the apartment for the sole and express purpose of arresting appellant Rubac on the authority of the two warrants. If either warrant is valid, however, the officer's conduct at the apartment was undoubtably proper.

"Defendant's Exhibit number 3" is an arrest warrant for Rubac upon the charge that he possessed a controlled substance: lysergic acid diethylamide (LSD). The warrant was issued by a county judge upon the complaint introduced in evidence as "Defendant's Exhibit number 2," which reads in pertinent part:

"I, Troy G. Braswell, ... state ... that I have personal knowledge and I charge that ... on or about the 4th day of April,

A.D. 1980, ... Richard Emil Rubac did then and there intentionally and knowingly, unlawfully possess a controlled substance to-wit: lysergic acid diethylamide."

The complaint or affidavit recites that the affiant officer had personal knowledge that the appellant, Rubac, possessed LSD. See and compare *Evans v. State*, 530 S.W.2d 932 (Tex.Cr.App. 1976). However, no facts are alleged in support of the averments to establish that the officer had personal knowledge of what he swore to. For example, it is not alleged that the officer saw Rubac in possession of LSD. The officer's "personal knowledge" is but a conclusion which, like any other conclusion stated in an affidavit supporting a warrant must be supported by *facts*.

 A mere conclusion is insufficient for a magistrate to satisfy himself that the affiant is possessed of facts that legally justify the conclusion that a crime has been committed and that the accused has committed it. *Giordenello v. United States*, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503, 1507 (1958). As the State concedes, the warrant which was a product of this complaint was improperly issued and a search incident to its execution would be constitutionally impermissible. *Evans v. State*, supra; *Lowery v. State*, 499 S.W.2d 160 (Tex.Cr.App. 1973). See also, *Knox v. State*, 586 S.W.2d 504 (Tex.Cr.App. 1979).

"Defendant's Exhibit number 4," a warrant of arrest for appellant Rubac issued by Justice of the Peace Bill Hill, presents an entirely different problem. The warrant appears regular on its face and was admitted into evidence. No affidavit in support of the warrant was introduced at trial.

 The record reveals that during the bench trial of this case defense counsel asked each of the State's witnesses if they had the affidavit with them, and that they replied that they did not. At the close of the trial the following exchange took place between defense counsel and the court:

MR. BRUDER: "Your Honor, I have a touch of concern because there are some cases where the Court of Criminal Appeals says it's my responsibility to be sure that the record contains all the necessary documentation upon which I predicate my claim and to the extent that I have been unable to secure from Williamson County the documentation supporting the arrest warrant which we have referred to as the defective bond warrant (Defendant's Exhibit number 4), it would be my request that I be given the opportunity to get that. Now I personally believe it's the State's responsibility. I think the Supreme Court decisions say that the State has got to show, you know, legitimate search and I think under the warrant in this case, they would have to show that the arrest warrants were valid. Both of them. If that's true then, you know, I can care less whether they are in evidence or not. Unfortunately before you get to the Supreme Court, you have got to go through Austin, and their cases are a little bit more confusing.

"I'm prepared to argue. I would like the opportunity to get those documents. I was hoping the District Attorney's Office would have them. I think Mr. Topletz may be in possession of them. I have no live testimony to present. I'm only going to stand on the record as it is, with that one exception."

JUDGE MILLER: "It's my understanding of the law, Mr. Bruder, that once you challenge the sufficiency of an affidavit in support of a warrant, search or arrest, either one, which to the Court's mind you have clearly done, that it does become the State's burden to report that warrant. That being the case, your request for a continuance to secure that affidavit, whatever, in support of the warrant or the original copy of the warrant is denied."

Defense counsel's touch of concern was certainly warranted, as contrary to the understanding of the trial judge the burden

is on the defendant to include a contested affidavit supporting an arrest warrant in the record. *Dusek v. State*, 467 S.W.2d 270 (Tex.Cr.App. 1971). See also, *Swain v. State*, 661 S.W.2d 125, 126 (Tex.Cr.App. 1983); *Cannady v. State*, 582 S.W.2d 467 (Tex.Cr.App. 1979); *Ortega v. State*, 464 S.W.2d 876 (Tex.Cr.App. 1971) (rule applies equally to contested search warrants and supporting affidavit). As Presiding Judge Onion stated in *Dusek:*

> "If the appellant desired to attack the legality of his arrest and subsequent search ..., it was incumbent upon him to see that the affidavits were properly in the appellate record. This he has not done; therefore, the legality of his arrest and subsequent search is not presented for review. See also *Haynes v. State*, 468 S.W.2d 375 (Tex.Cr.App. 1971)." *Dusek*, 467 S.W.2d at page 272.

■ Notwithstanding the trial court's misunderstanding of the law, no evidence appears in the record to suggest that the affidavit in question was not part of the public record in Williamson County available to defense counsel or that the State in any way prevented or hindered defense counsel from obtaining the affidavit. Defense counsel offered no evidence in support of his motion for continuance during trial to show that the State's witnesses were expected to bring the affidavit to trial with them, or that the State's witnesses' failure to produce the affidavit created an occurrence which no reasonable diligence could have anticipated causing the defense to be so taken by surprise that a fair trial could not be had. See Article 29.13, V.A.C. C.P., ("Continuance After Trial is begun"). The arrest warrant admitted into evidence is presumptively valid authority for the arrest of appellant Rubac.

In this same ground of error, appellant appears to contend that the burden was on the State to produce the affidavit at trial. This contention was rejected in *Ortega v. State*, 464 S.W.2d 876 (Tex.Cr.App. 1971), wherein the defendant wanted the State to produce the affidavit upon which the warrant was issued and to show it was suffi-

cient as a matter of law. The *Ortega* Court held:

> "The correct rule applicable to the present case is found in *United States v. Thompson*, 421 F.2d 373, 377 (5th Cir. 1970), which was quoted in *Mattei v. State*, Tex.Cr.App., 455 S.W.2d 761, 765, and is as follows:
>
> > " 'There was uncontradicted testimony at the hearing that a Louisiana criminal district judge issued a warrant for the search, and this testimony was sufficient to establish the issuance of the warrant. See *Castle v. United States*, 5th Cir. 1961, 287 F.2d 657; *United States v. Burkhart*, 6th Cir. 1965, 347 F.2d 772. Since the issuance of a warrant was effectively established, the burden of establishing that the search was illegal was on movant-defendant. *Rogers v. United States*, 5th Cir. 1964, 330 F.2d 535; *Batten v. United States*, 5th Cir. 1951, 188 F.2d 75; *Chin Kay v. United States*, 9th Cir. 1962, 311 F.2d 317. Defendant, however, completely failed to sustain his burden of proving that the warrant was illegally issued or executed. Defendant had access to the public records where the warrant was filed; he could have introduced the document into evidence in order to prove that it was illegally issued or executed. He did not do so. In truth, defendant's only complaint is that the prosecution did not introduce the warrant into evidence. We are aware of no rule of procedure, evidence or law that requires the prosecution to introduce a search warrant into evidence under such circumstances as are presented here. There was no error in the trial judge's allowance of testimony concerning the evidence seized at the house of defendant's mother.' "

■ We again hold that when a defendant challenges the validity of an arrest or search, and the State produces a warrant valid on its face, the burden is on the defendant to go forward with such proof as he may produce to show the invalidity of

the warrant, and this includes not only production of any affidavit he may wish to attack but also the requirement that he see that the warrant and affidavit are included in the record on appeal.

Appellants also challenge the admissibility of the approximately one (1) ounce of marihuana seized from under appellant Rubac's bed during the search conducted pursuant to the search warrant obtained after appellant Rubac declined the officer's invitation to consent to a search of the apartment. Appellants argue that the affidavit in support of the warrant did not provide the magistrate reviewing the affidavit with facts sufficient to establish probable cause to believe that there was any marihuana in the apartment in addition to the marihuana cigarette previously found.

In the affidavit, which was admitted into evidence, investigator Troy G. Braswell, in pertinent part, averred that:

"... as the affiant placed Rubac under arrest he (the affiant) noticed a strong smell of burning marihuana, the affiant and other officers secured the residence for their safety and arrested Joyce Ann Rumsey in a bedroom of the residence. The affiant and investigator Hooper noticed a marihuana cigarette burning on the bed in said bedroom. WHEREFORE, AFFIANT ASKS FOR ISSUANCE OF A WARRANT THAT WILL AUTHORIZE THE SEARCH OF SAID SUSPECTED PLACE FOR SAID PERSONAL PROPERTY AND SEIZE THE SAME AND ARREST EACH SAID SUSPECTED PARTY."

The date and time of Rubac's arrest also appears in the affidavit and shows that the affidavit was sworn to and presented to the magistrate on the same day as the affiant observed the marihuana cigarette in the apartment bedroom.

▆ Facts which establish that contraband has recently been observed by the affiant within the residence to be search certainly justifies a magistrate in issuing a warrant to search the premises. See and compare *Schmidt v. State*, 659 S.W.2d 420 (Tex.Cr.App. 1983) (where nothing in affidavit demonstrated when incident described took place). In order to support a search warrant an affidavit should be interpreted in a common sense and realistic manner and the magistrate is entitled to draw reasonable inferences from the facts contained therein. *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965). We hold that the affidavit is sufficient and that the trial court correctly overruled the motion to suppress.

▆ Appellants' second ground of error alleges that the evidence is insufficient to sustain the convictions because, *excluding* the marihuana found under the bed, the evidence fails to establish a sufficient quantity of marihuana. Appellants argue that under the reasoning of *Taylor v. State*, 505 S.W.2d 927 (Tex.Cr.App. 1974), the burning marihuana cigarette found on the bed in close proximity to appellant Rumsey was an insufficient basis to support a finding that the appellants possessed a usable quantity of marihuana. In light of our holding both the marihuana cigarette and the marihuana found under the bed admissible, the appellants' contention is overruled. See, *Collins v. State*, 602 S.W.2d 537 (Tex.Cr.App. 1980).

In grounds of error three and four, appellants allege that the evidence is insufficient to sustain the convictions because the State failed to introduce the seized marihuana into evidence and that there was no competent evidence that the substance was in fact marihuana. Both investigators Braswell and Hooper testified at trial, without objection, that in their opinion the cigarette and substance seized from under the bed were both marihuana. Both officers also testified that they were narcotics investigators and that their opinions as to the nature of the substance and the quantity seized were based on training and experience as such. Notwithstanding the fact that appellants' failure to object waived any error complained of, we note that the appellants' complaints are identical to those raised and overruled in *Ward v. State*, 659 S.W.2d 643, 644–45 (Tex.Cr.App. 1983).

Grounds of error three and four are overruled.

The judgments are affirmed.

MILLER, J., not participating.

TEAGUE, Judge, dissenting.

On page 520 of its opinion, the majority makes the following statements:

Notwithstanding the trial court's misunderstanding of the law, no evidence appears in the record to suggest that the affidavit in question was not part of the public record in Williamson County available to defense counsel or that the State in any way prevented or hindered defense counsel from obtaining the affidavit. Defense counsel offered no evidence in support of his motion for continuance ...

It has often been stated that "a good rule of law works both ways," i.e., a good rule of law for the prosecution is a good rule of law for the defendant, and vice versa.

Just recently, in *Canada v. State*, 660 S.W.2d 528, 530 (Tex.Cr.App. 1983), this Court was confronted with the question of how much credence we might give unsworn statements of the prosecuting attorney. There, this Court reaffirmed what it had held in *Hicks v. State*, 525 S.W.2d 177 (Tex.Cr.App. 1975), namely, that unsworn statements of one of the attorney's were sufficient to place the event in the record, and held that "[t]he record affirmatively establishes that the State's witness was unable to testify at that time." Such conclusion was supported solely by the prosecutor's unsworn statements. Because I believe that an attorney's unsworn statements made in a court of law are synonymous with sworn statements, I voted with the majority in *Canada v. State*, supra, which was only a 5–4 decision.

In this instance, Mr. Bruder, counsel for the appellants, stated, "I have been unable to secure from Williamson County the documentation supporting the arrest warrant ... I would like the opportunity to get those documents."

It is obvious to me that Bruder had sought to obtain the documents from the authorities in Williamson County, but was unsuccessful. Thus, he relied upon the prosecution to bring the documents. By the majority opinion, the prosecution neither tendered to Bruder the documents nor did it account for the missing documents.

I find from Bruder's statements that he sustained whatever burden he might have had. One of two things should have then taken place: (1) the prosecution should have come forth with the documents or (2) the trial court should have granted Bruder a continuance so that he could attempt to find the documents.

If it is the intention of the majority to apply the rule of law that this Court adopted in *Canada v. State, supra,* only where we are dealing with unsworn statements of a prosecutor, then please show me voting to overrule *Canada v. State, supra.*