Sherita Sherall Oliver
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-232-CR

     SHERITA SHERALL OLIVER,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court
Navarro County, Texas
Trial Court # 45009
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      The court convicted Sherita Sherall Oliver in a bench trial of unlawfully carrying a
weapon. See Tex. Pen. Code Ann. § 46.02(a) (Vernon Supp. 2000). The court sentenced
her to one year in the county jail and a $1,000 fine, suspended imposition of sentence, and
placed her on community supervision for two years. Oliver claims in a single point that the
court erred in admitting evidence seized in connection with her arrest because the State never
produced the warrant and supporting affidavit on which the State claims to have arrested her.
BACKGROUND
      The arresting officer stopped the extended-cab pickup in which Oliver was a passenger for
speeding. The officer arrested the driver of the pickup because he did not have a valid driver’s
license then returned to the vehicle to see if any of the three other occupants had a valid license
and could drive it. Oliver handed the officer her identification card and told him she did not
have a driver’s license. The dispatcher informed the officer that Oliver was wanted for arrest
warrants pending in Fort Worth. After “confirming” the warrants, the officer arrested Oliver.
      Oliver objected at this point to any further testimony concerning her arrest and the
officer’s subsequent search of the pickup. She argued that the State had to produce the Fort
Worth arrest warrants to the trial court so it could rule on their validity. The State responded
that sufficient probable cause for arrest existed because the officer acted in good faith reliance
on the dispatcher’s information. The court overruled Oliver’s objection.
      As the officer patted down Oliver’s clothing for weapons, she reached into her front jacket
pocket and produced an unloaded .45 caliber ammunition clip. The court granted Oliver a
running objection to the officer’s testimony. When Oliver handed the officer the clip, he asked
her if there was a gun in the truck or on her person. She replied that there was not. The
officer placed her in his patrol car.
      He then returned to the pickup and asked the remaining occupants if either of them had a
valid driver’s license. He also asked them if there was a gun in the truck. Both denied the
presence of a gun. Although one of the remaining occupants had a valid license, dispatch
informed the officer that he had an arrest warrant pending in Fort Worth.


 Accordingly, the
officer arrested him.
      After removing the two remaining occupants from the pickup, the officer conducted a
search and recovered a loaded .45 caliber handgun from the left rear floorboard, in front of
where Oliver had been seated. After recovering the weapon, the officer returned to his patrol
car and advised Oliver and the other occupants of their Miranda rights. See Miranda v.
Arizona, 384 U.S. 436, 444-45, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694 (1966); Tex. Code
Crim. Proc. Ann. art. 38.22, §§ 2(a), 3(a)(2) (Vernon 1979 & Supp. 2000). He then asked
them to whom the handgun belonged. The prosecutor asked whether Oliver had claimed
possession of the weapon. After Oliver objected to the admission in evidence of any testimony
concerning oral custodial statements, the State withdrew the question. However, the court did
permit the officer to testify over objection that Oliver told him the clip had been left in the
pickup by two hitchhikers.
PRODUCTION OF ARREST WARRANT
      Oliver contends in her sole point of error that the court erred in admitting any evidence
seized in connection with her arrest because the State failed to produce the warrant and
supporting affidavit on which it claims to have arrested her.
      The State responds that Oliver has failed to properly preserve this issue for appellate
review because she did not file a motion to suppress the evidence or request a pretrial
suppression hearing. Relying on Rumsey v. State, 675 S.W.2d 517 (Tex. Crim. App. 1984),
the State also suggests that because Oliver had equal access to the warrants, she could have
presented them to the trial court for consideration. We disagree with both contentions.
      Regardless of whether an accused files a pretrial motion to suppress evidence, the accused
retains the right to object at trial to evidence she alleges to have been unlawfully seized. See
Calloway v. State, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988). Thus, Oliver could wait
until trial to challenge the validity of the arrest warrants.
      In Rumsey, the Court stated:
[W]hen a defendant challenges the validity of an arrest or search, and the State
produces a warrant valid on its face, the burden is on the defendant to go forward
with such proof as he may produce to show the invalidity of the warrant, and this
includes . . . production of any affidavit he may wish to attack.

Rumsey, 675 S.W.2d at 520-21. Three years later however, the Court “disavowed” the part of
Rumsey “that places the burden of producing the contested supporting affidavit on the
defendant.” Miller v. State, 736 S.W.2d 643, 648 (Tex. Crim. App. 1987).
      Accordingly, when the State justifies an arrest on the basis of a warrant, it must produce
the warrant and supporting affidavit to the trial court if the validity of the arrest is challenged. 
Etheridge v. State, 903 S.W.2d 1, 19 (Tex. Crim. App. 1994); Miller, 736 S.W.2d at 648. 
This procedure allows the trial court to review the documents and determine whether probable
cause exists and whether the accused’s rights have been protected. Etheridge, 903 S.W.2d at
19; Garrett v. State, 791 S.W.2d 137, 140 (Tex. Crim. App. 1990).
      Courts have excused the State from compliance with this production requirement if the
State introduces testimony from the magistrate who issued the warrant, the officer who
presented the probable cause affidavit for the warrant, or another witness familiar with the
factual basis for the warrant. See, e.g., Etheridge, 903 S.W.2d at 19 (magistrate); Garrett,
791 S.W.2d at 141 (parole case worker); Dorsey v. State, 964 S.W.2d 701, 704 (Tex.
App.—Houston [14th Dist.] 1998, pet. ref’d) (officer who presented affidavit and complaint
“containing a short narrative” of facts in affidavit). Presentation of such other evidence
suffices if the accused has opportunity to cross-examine the witness concerning the validity of
the warrant and the “trial court ha[s] adequate opportunity to determine whether probable
cause existed.” Etheridge, 903 S.W.2d at 19.
      The State did not produce Oliver’s arrest warrants or any other evidence related to the
validity of the warrants. This “does not end our inquiry,” however. Miller, 736 S.W.2d at
648. “[W]e must now examine the circumstances surrounding acquisition of [the evidence in
question]” and determine whether the search and seizure was sufficiently attenuated from the
tainted


 arrest to allow admission of the evidence. Gant v. State, 649 S.W.2d 30, 33 (Tex.
Crim. App. 1983); accord Miller, 736 S.W.2d at 649-51. We examine these circumstances in
light of the factors set forth in Brown v. Illinois. Id. (both citing Brown v. Illinois, 422 U.S.
590, 603-04, 95 S. Ct. 2254, 2261-62, 45 L. Ed. 2d 416 (1975)).
      In Brown, the United States Supreme Court enunciated the following factors to be
considered in determining whether the taint of an unlawful arrest has been sufficiently
attenuated to justify admission of evidence seized in connection with the tainted arrest:
      ∙    whether Miranda warnings were given;
 
      ∙    the temporal proximity of the arrest and the evidence;
 
      ∙    the presence of intervening circumstances; and
 
      ∙    the purpose and flagrancy of the official misconduct.

Brown, 422 U.S. at 603-04, 95 S. Ct. at 2261-62; Dowthitt v. State, 931 S.W.2d 244, 261
(Tex. Crim. App. 1996).
Miranda Warnings
      We employ the first factor only in cases in which the evidence sought to be suppressed is
testimonial in nature. See Brown, 422 U.S. at 603-04, 95 S. Ct. at 2261-62; Dowthitt, 931
S.W.2d at 261; Holmes v. State, 962 S.W.2d 663, 669 (Tex. App.—Waco 1998, pet. ref’d,
untimely filed). In this case, Oliver complains in part about the admission in evidence of her
statement that hitchhikers had left the clip in the pickup and her denial of the existence of a
handgun in the pickup. Oliver made these statements before receiving the Miranda warnings
but after her arrest.
      However, the protections of article 38.22 and the state and federal constitutions do not
apply to custodial statements “which are not confessional in nature and which do not implicate
the accused in the offense.” Burns v. State, 807 S.W.2d 878, 882 (Tex. App.—Corpus Christi
1991, pet. ref’d). Both of Oliver’s statements appear to fit within this exception to the
statutory and constitutional exclusionary rules on which she relies. Therefore, because her
statements are not confessional, they are admissible notwithstanding the tainted arrest.
Temporal Proximity
      The officer’s recovery of the ammunition clip and the handgun took place in close
temporal proximity to the arrest. Thus, this factor weighs against the State. However,
intervening circumstances can operate to minimize this factor. See Holmes, 962 S.W.2d at
669; Matienza v. State, 699 S.W.2d 626, 628 (Tex. App.—Dallas 1985, pet. ref’d).
Intervening Circumstances
      The “intervening circumstances” surrounding Oliver’s arrest appear dispositive in this
case. Oliver does not dispute that the officer validly stopped the pickup in response to a traffic
violation. Because she was a passenger in a lawfully stopped vehicle, the officer could
properly detain her for investigative purposes. See Rhodes v. State, 945 S.W.2d 115, 117
(Tex. Crim. App. 1997); Josey v. State, 981 S.W.2d 831, 837-38 (Tex. App.—Houston [14th
Dist.] 1998, pet. ref’d). The officer stopped the pickup at about 11 o’clock at night while on
patrol by himself. Based on these facts, the number of occupants in the truck, and his need to
arrest the driver, we conclude he acted reasonably in conducting a protective search of Oliver. 
See Rhodes, 945 S.W.2d at 117-18; Josey, 981 S.W.2d at 839-40. 
      After finding Oliver in possession of the clip, the officer could reasonably believe that a
handgun might be in the pickup. See Goodwin v. State, 799 S.W.2d 719, 728 (Tex. Crim.
App. 1990); Hurtado v. State, 881 S.W.2d 738, 742-43 (Tex. App.—Houston [1st Dist.]
1994, pet. ref’d). Thus, the officer acted reasonably in searching the pickup for a weapon. Id.
Purpose and Flagrancy of Misconduct
      When considering this factor, we begin by observing that the record contains no evidence
to indicate that the arresting officer engaged in any misconduct. The officer certainly had the
right to arrest Oliver on the basis of the dispatcher’s information that she had outstanding
warrants.


 See, e.g., Haley v. State, 480 S.W.2d 644, 645 (Tex. Crim. App. 1972); Tex.
Code Crim. Proc. Ann. art. 15.26 (Vernon 1977). Moreover, because the officer had
reasonable suspicion apart from the purported arrest warrants to search for weapons, we
conclude that his recovery of the clip and the handgun was not tainted by “purposeful or
flagrant misconduct.”
Summary
      Because the officer developed reasonable suspicion independent of the warrants which are
the stated basis for Oliver’s arrest, we conclude that the recovery of the evidence was
sufficiently attenuated from the arrest to allow admission of the evidence.


 See Miller, 736
S.W.2d at 651; Gant, 649 S.W.2d at 34-35. Because Oliver’s statements are not confessional,
they are admissible notwithstanding her tainted arrest. See Burns, 807 S.W.2d at 882. For
these reasons, the court did not err in admitting the evidence in question. Accordingly, we
overrule Oliver’s sole point of error.
      We affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice

Before Chief Justice Davis
            Justice Vance and
            Justice Gray
Affirmed
Opinion delivered and filed January 19, 2000
Publish