ISABELITA MORALES V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-298-CR

ISABELITA MORALES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Isabelita Morales appeals from her conviction for possession with the intent to deliver a controlled substance, cocaine, of 400 grams or more.  In her sole point, she argues that the trial court erred in denying her motion to suppress the seized drugs.  We affirm.

Appellant was a passenger in a car that was stopped and searched, resulting in the seizure of over 400 grams of cocaine.  The car was not registered in appellant’s name, nor did she show that she had an expectation of privacy in the car.  Instead, appellant contends that she has standing to challenge the search because she was illegally arrested.  
See State v. Crisp
, 74 S.W.3d 474, 480 (Tex. App.—Waco 2002, no pet.) (“[I]f his Fourth Amendment rights were violated because he was illegally detained or illegally arrested, he would have standing to contest the search of the car.”).  

Appellant was arrested based on an outstanding arrest warrant, which later was discovered to have been recalled two days before her arrest.  Appellant contends that because there was no showing that the arrest warrant had been based on probable cause and because the warrant and supporting affidavit were not admitted into evidence, her arrest was illegal, and the evidence should have been suppressed. 

Appellant did not complain in the trial court that the arrest warrant was not based on probable cause.  
See 
Tex. R. App. P.
 33.1(a);
 Baldree v. State
, 784 S.W.2d 676, 684 (Tex. Crim. App. 1989) (holding appellant waived challenge to validity of arrest warrant because not only was warrant not in appellate record, but “the record is clear that appellant never challenged its validity in the trial court”), 
cert. denied
, 495 U.S. 940 (1990)
.  Instead, appellant’s trial counsel stipulated at the motion to suppress hearing that, although the warrant was recalled, it was valid. 
 See Dusek v. State
, 467 S.W.2d 270, 271-72 (Tex. Crim. App. 1971) (holding stipulations by defendant that arrest warrants are valid on their face precludes challenge to validity of arrest warrants).  Thus, appellant cannot now complain that the warrant was invalid and that it was not based on probable cause.  
See id.
; 
see also
 
Tex. R. App. P.
 33.1(a).  Appellant also does not challenge on appeal the State’s contention at the hearing that the police arrested appellant in good-faith reliance on the arrest warrant at the time of the arrest.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.23(b) (Vernon Supp. 2003).  Consequently, appellant presents no argument on appeal, which we can address, that supports her contention that the trial court erred in denying her motion to suppress because her arrest pursuant to the warrant was unlawful.  We overrule appellant’s sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 14, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.