IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00232-CV

 

Smithtex, LLP, Smith Properties, LLP,

Steven F. Smith, Stuart N. R. Smith,

Norman L. Smith, and Seven-0 Corporation,

                                                                                    Appellants

 v.

 

Charles DeMott and Brenda Calvert,

Individually, and as Representatives

of the Estate of Jonathan DeMott,

Cynthia DeMott, Individually, and 

as Representatives of the Estate 

of Elizabeth Pickens and 

David Pickens, and Kate L. Massey,

                                                                                    Appellees

 

 

 



From the 361st District
Court

Brazos County, Texas

Trial Court No. 07-002138-CV-361

 



ABATEMENT ORDER



 

In this interlocutory appeal, Appellants
are appealing the trial court’s denial of their motion to transfer venue.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 15.003(b) (Vernon Supp. 2008).  The have filed a motion to abate the appeal
for a hearing in the trial court under Rule of Civil Procedure 306a(5) relating
to notice of the order being appealed under Rules 306a(3) and 306a(4).  See
Tex. R. Civ. P. 306a.

Appellants’ motion to abate is granted. 
This appeal is abated so that the trial court can hold a hearing and make and
enter findings of fact and conclusions of law on Appellants’ motion under Rule
306a(5).  The hearing shall be held within twenty-eight (28) days of the date
of this order.

Within forty-two (42) days of the date
of this order, the trial court clerk and court reporter shall respectively: (1)
prepare a supplemental clerk’s record containing all orders and findings of
fact and conclusions of law that the trial court has rendered or made on
Appellants’ motion under Rule 306a(5); (2) prepare a supplemental reporter’s
record of any proceedings held on Appellants’ motion under Rule 306a(5); and
(3) file the supplemental records with the Clerk of this Court, upon which this
appeal shall be reinstated.

PER CURIAM

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Motion
granted; appeal abated

Order
issued and filed September 2, 2009

Do
not publish








 






780-81 (Tex. Crim. App. 1987), cert. denied, 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d
922 (1988). The State responded by arguing that the officers had probable cause to believe that
there was contraband in the apartment and exigent circumstances justified their warrantless entry,
so that the information on which the warrant was based was lawfully obtained. See McNairy v.
State, 835 S.W.2d 101, 106-07 (Tex. Crim. App. 1991). After the court denied Watson's motion,
the State abandoned the charges relating to the marihuana, and Watson pleaded guilty to the
charges relating to the cocaine. Watson now argues that Mann's actions leading directly to the
seizure of the marihuana cigarette constituted an illegal search.
      When reviewing a ruling on a motion to suppress, we do not engage in a factual determination
ourselves; rather, we determine if the court's implied findings are supported by the record. See
Banda v. State, 890 S.W.2d 42, 51-52 (Tex. Crim. App. 1994); Johnson v. State, 803 S.W.2d
272, 287 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d
1078 (1991). If those findings are supported by the record, we consider only if the court abused
its discretion applying the law. See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990). 
      The police seized the challenged evidence pursuant to a search warrant. Thus, Watson had
the burden to demonstrate to the trial court that the warrant was invalid. See Rumsey v. State, 675
S.W.2d 517, 520-21 (Tex. Crim. App. 1984). To prevail on appeal, he must show that the court
abused its discretion in impliedly finding that the warrant was valid. See Banda, 890 S.W.2d at
51-52. "[T]he inclusion of tainted allegations in an affidavit does not necessarily render a
resulting search warrant invalid. Rather, the relevant inquiry on a motion to suppress evidence
seized pursuant to such a warrant is whether, putting aside all tainted allegations, the
independently acquired and lawful information stated in the affidavit nevertheless clearly
established probable cause." Castillo v. State, 818 S.W.2d 803, 805 (Tex. Crim. App. 1991); see
also Brown v. State, 605 S.W.2d 572, 577 (Tex. Crim. App. [Panel Op.] 1980).
      The evidence supports a conclusion by the court that Mann's observations prior to entering
the apartment were not the product of an illegal search. See Cornealius v. State, No. 238-94, slip
op. at 3-4, 1995 WL 312569, at *2 (Tex. Crim. App. May 24, 1995). Additionally, Watson did
not challenge the use of Anderson's statements in the affidavit in support of Mann's application
for a search warrant. Thus, the court was required to determine if probable cause was "clearly"
shown by an affidavit asserting that (1) the officers heard people running within the apartment
after they knocked on the front door, (2) the officers smelled burning marihuana when the door
was opened, and (3) one of the residents of the apartment told the police that there was marihuana
at the apartment and that it belonged to Watson, who was upstairs. We conclude that the court
could determine that this information "clearly" established probable cause to believe that
contraband could be found in the apartment. See Castillo, 818 S.W.2d at 805; Johnson, 803
S.W.2d at 288-89; Cassias v. State, 719 S.W.2d 585, 587-88 (Tex. Crim. App. 1986). Thus, the
court could conclude that the warrant was valid, even if the police illegally seized the marihuana
cigarette. See id. Therefore, the court did not abuse its discretion by refusing to suppress the
evidence seized during the execution of the search warrant.
      Alternatively, under the "fruit of the poisonous tree" doctrine, evidence that is derived from
an illegal act cannot be used at trial. See Wong Sun, 371 U.S. at 487-88, 83 S.Ct. 417; Reed v.
State, 809 S.W.2d 940, 944 (Tex. App.—Dallas 1991, no pet.). The "question in such a case is
‛whether, granting establishment of the primary illegality, the evidence to which instant objection
is made has been come at by exploitation of that illegality or instead by means sufficiently
distinguishable to be purged of the primary taint.'" Wong Sun, 371 U.S. at 488, 83 S.Ct. at 417;
see also Crosby, 750 S.W.2d at 780. However, if there is no "poisonous tree," i.e., no primary
illegality tainting the evidence, there can be no "poisonous fruit." See Goodwin v. State, 799
S.W.2d 719, 729 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259, 111 S.Ct. 2913, 115
L.Ed.2d 1076 (1991). Thus, the initial question is whether Mann legally obtained the marijuana
cigarette.
      Based on the smell of marihuana, Anderson's statements, and the presence of others in the
apartment, the court was justified in finding that Mann was lawfully in Anderson's bedroom. See
McNairy, 835 S.W.2d at 106-07. When he found Watson, Mann "advised [Watson] that his
roommate told [him] that [Watson] had the marijuana on him, and [Watson's] response was that
he only had one joint and that it was thrown outside." Mann told Watson what Anderson had said
in the form of a statement, not a question. Only after Watson told him that the marihuana had
been thrown out did Mann ask Watson to show him the "joint." Mann indicated that he did not
ask Watson a question initially and that "[w]hether [Watson] was going to make a response or not
was, you know, not neither here nor there," i.e., irrelevant to Mann's purpose in making the
statement to Watson. 
      Viewing this evidence in the light most favorable to the court's ruling, Mann's testimony is
sufficient to allow the court to find that Watson voluntarily surrendered the marihuana to Mann. 
See Schneckloth v. Bustamonte, 412 U.S. 218, 226-27, 93 S.Ct. 2041, 2047-48, 36 L.Ed.2d 854
(1973); Johnson, 803 S.W.2d at 286-87. Mann did not ask Watson a question, but stated the
reason for his presence on the second floor of Watson's apartment. The court could reasonably
conclude that this statement by Mann was not likely to elicit an incriminating response from
Watson and, so, was not interrogation. See Rhode Island v. Innis, 466 U.S. 291, 300-02, 100
S.Ct. 1682, 1689-90, 64 L.Ed.2d 297 (1980); Davis v. State, 780 S.W.2d 945, 947 (Tex.
App.—Fort Worth 1989, pet. ref'd). Because the State does not need probable cause or a warrant
to search when consent to the search is properly obtained, the court could rule that Mann lawfully
seized the marihuana cigarette after Watson voluntarily surrendered it to him. See Boyle v. State,
820 S.W.2d 122, 142 (Tex. Crim. App. 1991) (on rehearing), cert. denied, ___ U.S. ___, 112
S.Ct. 1297, 117 L.Ed.2d 520 (1992).
      Because the evidence before the court supports a finding that there was no "poisonous tree"
and, thus, no "poisonous fruit," the court's ruling denying Watson's motion to suppress is not an
abuse of discretion on this alternative ground. See Romero, 800 S.W.2d at 543; Goodwin, 799
S.W.2d at 729. 
      Watson's sole point is overruled. The judgment is affirmed.


                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 26, 1995
Do not publish