**Michael Lee RANNIGER, a Delinquent Child, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 7182.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 12, 1970.

James McGrath, Beaumont, for appellant.

Brack Jones, Jr., Asst. Dist. Atty., W. C. Lindsey, Dist. Atty., Beaumont, for appellee.

PARKER, Chief Justice.

The appeal is from a judgment of the juvenile court of Jefferson County, wherein Michael Lee Ranniger was adjudged to be a delinquent child and committed to the Texas Youth Council. The order was suspended and he was released on probation to the custody and care of his parents under the supervision of the Jefferson County Juvenile Probation Department, "subject to the further order of this Court." The supervision was suspended pending the appeal of the cause.

From the agreed statement of facts, we learn that the appellant, then sixteen years of age, was charged with the possession of a dangerous drug, namely "L.S.D." upon the premises of Forrest Park High School. The entire thrust of the appeal is that the trial court erred in overruling appellant's motion to suppress evidence as to the finding of the drugs upon his person, it being asserted therein that such evidence was discovered "in violation of the laws and Constitution of the "United States of America and the State of Texas." We quote the entire record of the "Evidentiary Facts," as such appears in the transcript, in the margin.*

---

* "That on January 13, 1970, the said Michael Lee Ranniger was not present in his assigned class at Forrest Park High School. A students [sic] absence from his assigned class is a violation of school policy. The principal of said school, W. T. Hawthorne, having learned that Michael was present in the school building, started a search for him. Michael was located in the school cafeteria by the said W. T. Hawthorne, principal, and escorted to the office of the principal. W. T. Hawthorne, at his office, noticed what appeared to be a bulge in the pocket of Michael Lee Ranniger and requested that Michael empty his pockets. With the exception of one pocket, the principal's request to empty pockets was complied with. Michael stated that he would not empty this pocket because it was private.

Mr. Hawthorne informed the student that he would have to empty this pocket also. The student removed 37 tablets from his pocket. At no time was Michael physically searched and no one placed their hands upon his person.

"The office of the sheriff was called and a deputy sheriff came and took Michael to the office of the sheriff where he was questioned by two dupty [sic] sheriffs.

"Michael Lee Ranniger was taken from the sheriff's office and placed in the custody of the Juvenile authorities of Jefferson County, Texas.

"The tablets which were confiscated as aforesaid, were analyzed by the chemist with the City of Beaumont and found to contain L.S.D., a dangerous drug."

 The doctrine of *in loco parentis* is not defined in the Statutes of the State of Texas. It is a common-law doctrine controlling the disposition of this case. The school principal, Hawthorne, stood in the place or stead of the parent. The principal was charged with the parent's duties, rights and responsibilities. When this student entered school on this occasion, parental authority was delegated and existed from the time Hawthorne discovered that Ranniger was not in a class as the rules provided and the discovery of the 37 L.S.D. tablets in the possession of Ranniger. We follow the majority opinion in Mercer v. State, 450 S.W.2d 715, 718 (Tex.Civ.App.—Austin, 1970, error dism. as moot). Upon the basis of the summarized facts we are urged to follow the dissent of Justice Hughes in the Mercer case, supra. We are not persuaded by appellant's argument that we should file an opinion which adopts the minority view of Mercer.

Our record was not hammered out in an adversary proceeding through examination and cross-examination of the witnesses. Instead, we are presented with a bare-bones summary which fails to establish more than "a bulge in the pocket" of appellant. We have no information as to its size, appearance, shape, location, or other suspicious circumstances (if any) surrounding the "bulge." Cf. Leal v. State, 169 Tex.Cr.R. 222, 332 S.W.2d 729, 730 (1959).

 Thus, our abbreviated record does not present the fact structure with sufficient clarity to *require* us to meet the constitutional issue tendered by appellant. Under the circumstances, therefore, we prefer to adopt the rule mentioned by Mr. Justice Harlan, concurring in Chandler v. Judicial Council, 398 U.S. 74, 90 S.Ct. 1648, 26 L.Ed.2d 100, 112 (1970), that this court " * * * will not determine constitutional questions unnecessarily or in a case that does not present them with sufficient clarity to make possible the "circumspect consideration they require." For a broader and more elaborate consideration of the rule mentioned, see the comments of Justice Brandeis dissenting in Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 345–348, 56 S.Ct. 466, 80 L.Ed. 688, 710–712 (1935). See also, Tigner v. First National Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85, 88 (1954).

It follows from what has been said that we do not find error in the ruling of the trial court and the judgment is, therefore, affirmed.

