**Walter Ronald HAYNES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43756.**

Court of Criminal Appeals of Texas.

June 2, 1971.

Alfano, Dailey, Tindal & Hearn by Fred H. Dailey, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Edward B. McDonough, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of marihuana. After waiver of trial by jury the appellant entered a plea of not guilty before the court.

Appellant contends that his arrest was without probable cause and that the fruits of the search incident thereto were inadmissible in evidence.

The record reflects that Officer Dunlap, Houston Police Department, Narcotic Division, received a call from a woman at 9 p. m. on June 23, 1967, and went to the caller's address, a duplex. There the woman pointed to a hole inside a closet which permitted a view into the dining room of the adjoining apartment.

Over objection the officer testified the woman related to him that she had seen through this hole her neighbor, a man whom she did not know, rolling cigarettes with a "green looking tobacco." She told the officers of the large number of people going to and from the adjoining apartment.

After returning to the police station and after apparent further investigation, Offi-

cer Dunlap pulled the appellant's "mug shot," and also discovered that the appellant had a prior misdemeanor conviction for possession of barbiturates.

The next morning, June 24th, the woman again called announcing the suspect's return. By the time the officers arrived the "suspect" had gone, but the woman identified a "mug shot" of the appellant as the man she had seen through the hole in the wall. Later that afternoon while at the police station the officers received a call from an informer who had previously given reliable information concerning narcotics. Such informer told the officers merely that the appellant lived at the duplex in question and would be leaving for Brownsville "in a short time."

During the course of their investigation the officers had learned there were four outstanding felony arrest warrants for appellant.

Officers Dunlap and Gonzalez then proceeded to the duplex in question. As they arrived they observed the appellant and a companion walking empty-handed towards a nearby car which they entered. The officers approached and identified themselves and the appellant attempted to drive off but was foiled when Officer Gonzalez leaned through the window and grabbed the car keys.

A search of appellant's person revealed "a blue and red capsule." In the front seat of the car was found a brown paper sack containing ten smaller sacks which were later shown by chemical analysis to contain marihuana.

Officer Gonzalez on this day made a return on each of the four felony arrest warrants showing them duly executed.

It is appellant's contention that independent of the arrest warrants there was not sufficient evidence to reflect probable cause to authorize a warrantless arrest and a search incident thereto, and that the arrest warrants were void since they were based on affidavits or complaints which did not reflect probable cause.

As to his contention that the arrest warrants were void, appellant relies upon Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 1035, 28 L.Ed.2d 306, where the Supreme Court said:

"The decisions of this Court concerning Fourth Amendment probable cause requirements before a warrant for either arrest or search can issue require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). * * *"

And appellant contends that the complaint in Whiteley which was held insufficient to reflect probable cause is almost identical to the affidavits or complaints in the case at bar.

We need not determine whether either one of appellant's contentions is correct.

■ If the appellant desired to attack the legality of his arrest and subsequent search upon the basis that the affidavits for arrest warrant did not reflect probable cause, it was incumbent upon him to see that the affidavits were properly in the appellate record. Without such affidavits the legality of the arrest and subsequent search is not presented for review. Dusek v. State, Tex.Cr.App., 467 S.W.2d 270. See also Lee v. State, 167 Tex.Cr.R. 608, 322 S.W.2d 260; Irwin v. State, Tex.Cr.

App., 441 S.W.2d 203; Doby v. State, Tex.Cr.App., 383 S.W.2d 418.

The record reflects that the four felony arrest warrants were introduced into evidence. They are valid on their faces. Therefore it was incumbent upon the appellant to show that the affidavit upon which each warrant was based did not reflect probable cause as he contended. He did introduce three of the affidavits which are markedly similar to one held insufficient in Whiteley v. Warden, Wyoming State Penitentiary, supra. The fourth affidavit was not introduced. At the hearing on the motion to suppress when it was determined that the affidavit or complaint was not among the papers offered, the following transpired:

"By Mr. Dailey: (defense counsel)

"Q. Judge Treadway (then Justice of the Peace), would you have any way of knowing where we might acquire a copy of the complaint in Cause No. 306940, to determine whether or not probable cause was stated therein or not?

"A. We should have it. I don't know whether my clerks made a search for that or not, Mr. Dailey.

"Q. Would you determine, sir, whether or not your office has a copy of that?

"A. Be happy to."

Subsequently, without recalling Judge Treadway, the following stipulation was entered "in the interest of time": "It is agreed and stipulated by the defendant Walter Ronald Haynes, counsel for the defendant, Fred Dailey, and counsel for the State, Ted Hirtz, that the original (complaint in No. 306940) was prepared in the Justice of the Peace office and forwarded to the Grand Jury and that its whereabouts are unknown."

■ Thereafter no attempt was made by the appellant to show by parol evidence or stipulations the contents of such affidavit so that this court would be in a position to determine whether it reflected probable cause. This was incumbent upon him to do. This court cannot presume that any such affidavit does not reflect probable cause. "If any one of the felony arrest warrants was valid, the arrest and subsequent search of the appellant would have been proper under the circumstances described." Dusek v. State, 467 S.W.2d 270.

We further observe that appellant contends that all four of the felony arrest warrants were void since they were issued, not by a judicial officer but, by a clerk in the Justice of the Peace office and there was no independent determination of probable cause by a judicial officer.

Judge Treadway did testify that he signed a pad of printed form arrest warrants in blank. The record also reflects the following:

"THE COURT: Did I understand you, Judge Treadway, to say that you signed them in blank in the absence of any complaints?

"THE WITNESS: That is correct, Your Honor. It is done under my supervision. My criminal clerks are instructed that when an affidavit is properly drawn and a warrant asked for, that they are to issue it, under my supervision and direction; and that is my signature."

The record reflects that the complaints in question were filed on May 18, 1967, and the arrest warrants were not issued until May 23, 1967. And Judge Treadway indicated that in that period of time he was sure he had seen the complaints.

■ Whatever may be said about the practice of a magistrate signing in blank a pad of arrest warrants, we cannot conclude that the evidence here is sufficient to show that the complaints in question were presented to a non-judicial officer and issued by him without an independent deter-

mination of probable cause by the magistrate. If the magistrate determines from a complaint presented to him that an arrest warrant should issue, the fact that the clerk issues the same under the direction and supervision of the magistrate using pre-signed warrant forms does not render void the warrant.

 Lastly, appellant contends the trial court erred in admitting at the penalty stage of the trial before the court evidence concerning a March 25, 1966, misdemeanor conviction for possession of barbiturates as a part of his "prior criminal record." See Article 37.07, Vernon's Ann.C.C.P. He contends the evidence is insufficient to show he was the same person so previously convicted. Vessels v. State, Tex.Cr.App., 432 S.W.2d 108.

The clerk of the court testified that the official records of County Criminal Court No. 4 of Harris County reflected a final conviction in Cause No. 209127 for the possession of barbiturates of one Walter Ronald Haynes. The complaint and information alleging the offense occurred "on or about the 21st day of November A.D. 1965" were introduced. One witness listed on the back of the information was R. G. Luna. Luna, a Houston police officer, testified that on November 21, 1965, he had arrested the appellant for "possession of narcotics."

The appellant called his mother at the penalty stage of the trial and she testified his reputation for being a peaceable and law-abiding citizen was good. On cross-examination she related that the people she had talked to about her son's reputation knew of his convictions for possession of heroin and his conviction for possession of barbiturates.

Still further, at the guilt stage of the trial the arresting officer Dunlap testified that upon investigation he had determined prior to appellant's arrest that the appellant had been previously convicted of possession of barbiturates.

Under the circumstances, we perceive no error in the court admitting into evidence as a part of appellant's "prior criminal record" the misdemeanor conviction involved, and conclude the evidence sufficient to show that he was one and the same person so previously convicted.

Finding no reversible error, the judgment is affirmed.