660 S.W.2d 552 (1983)
In re R.C.M., a Juvenile, Appellant,
v.
The STATE of Texas, Appellee.
No. 16921.
Court of Appeals of Texas, San Antonio.
July 29, 1983.
Rehearing Denied October 24, 1983.
*553 Catherine Quinones, San Antonio, for appellant.
Bill White, Dist. Atty., Peter Sakai, Asst. Dist. Atty., San Antonio, for appellee.
Before ESQUIVEL, BUTTS and TIJERINA, JJ.

OPINION
TIJERINA, Justice.
This is an appeal from a jury determination that appellant, a juvenile, had engaged in delinquent conduct. The trial court placed appellant on probation for one year in the care, custody and control of his mother, whereupon he appealed.
The issues raised by appellant's two points of error concern the validity of a search and seizure by school officials and a claim of insufficient evidence to support the jury's verdict.
The occurrence took place at Burbank High School on "test day" for mid-term exams. In accordance with school policy students were to be in a classroom taking a test or in the auditorium, or if exempt from taking all tests, at home. Appellant received several warnings to stay in the auditorium or leave the campus; however, after he was found roaming the hallways, he was taken to the vice-principal's office. Appellant testified at a pre-trial hearing that he was using the restroom when the vice-principal came in and asked him to go to the office. The vice-principal, and the school security guard who was in the office with appellant, testified that appellant paced about the office and was belligerent, and that he had red eyes and was very erratic. Appellant's version of the facts asserts that the vice-principal told him that if he did not empty his pockets the police would be called to search him. Appellant refused to empty his pockets, and the vice-principal said he was going to call the police and left the room for about three minutes. Appellant then took out of his pocket a marijuana cigarette and gave it to the security guard.
The 4th Amendment to the United States Constitution is enforceable against the states through the 14th Amendment, and by its provisions illegally seized evidence is rendered inadmissible in a state court. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Taylor v. State, 421 S.W.2d 403, 406 (Tex.Cr.App. 1967), cert. denied, 393 U.S. 916, 89 S.Ct. 241, 21 L.Ed.2d 201 (1968). The 14th Amendment and the Bill of Rights protect minors as well as adults, and a minor has the same constitutional right to be secure in his person from all unreasonable seizures as has an adult. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), Ciulla v. State, 434 S.W.2d 948, 950 (Tex.Civ.App. Houston [1st Dist.] 1968, no writ). In order for a search to be illegal under the 4th and 14th Amendments, the search must be the result of state action by and through state agents acting under governmental authority, or under the color of authority. See Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921).
The vice-principal and the school security guard detained appellant and obtained the evidence without regard to his rights; however, their participation cannot be construed as governmental action in view of the undisturbed ruling in Mercer v. State, 450 S.W.2d 715 (Tex.Civ.App.Austin 1970, error dism'd as moot). In Mercer, supra, the principal had information that appellant was in possession of marijuana. Appellant was brought to his office and directed to empty his pockets. Appellant hesitated, but after being told his father would be called, he complied and produced the marijuana. The court concluded that the principal acted in loco parentis, not as an arm of the government, when he demanded *554 that the youth disclose the contents of his pockets. Id. at 717. The court expressed its reasoning as follows: "It does not seem to be outside the purposes of discipline in a system of education for the principal of a public school to discover and bring under control drugs considered dangerous under law and possession which is made an offense by law. The same procedure employed by the principal, if used by the boy's father, would not violate security of appellant under the Fourth Amendment." Id. In a subsequent similar case Ranniger v. State, 460 S.W.2d 181 (Tex.Civ. App.Beaumont 1970, no writ) the court followed the Mercer decision finding that a high school principal who compelled a student to empty his pockets when brought to the office for violating school policy, acted in loco parentis. The LSD discovered as a result of such "search" was properly admissible in evidence, since the school principal stood in the place or stead of the parent and was charged with the parent's duties, rights and responsibilities. Ranniger v. State, supra at 183.
There does appear that a surfacing erosion of the rather harsh in loco parentis doctrine is evident. In In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the United States Supreme Court ruled that the essentials of due process and fair treatment require states to prove delinquent conduct beyond a reasonable doubt." More recently in In the Matter of S.J.C., 533 S.W.2d 746 (Tex.1976), a divided Supreme Court did not find a denial of due process and equal protection simply because the issue, before the Court, of accomplice testimony, involved a statutory rule of evidence not catalogued with constitutional restrictions. The dissent cogently argued for standards and safeguards to protect a juvenile's rights to due process and equal protection of the law. We cannot ignore that school officials have considerable discretion in restricting students' of their vested constitutional rights without regard to the reasonableness of the detention or search. In this case, however, we are bound by the controlling common law doctrine of in loco parentis as enunciated in Mercer and Ranniger, supra. Point of error one is overruled.
Point of error number two concerns the sufficiency of the evidence to identify the substance as marijuana. The case was submitted to the jury on one special issue reciting as follows:
Do you find from the evidence, beyond a reasonable doubt, that [R.C.M.], respondent, engaged in delinquent conduct by committing possession of marijuana on or about the 15th day of January, A.D., 1981?
Delinquency proceedings are civil in nature and are governed by the Texas Rules of Civil Procedure regarding the submission of issues. J.J.H. v. State, 557 S.W.2d 838, 839 (Tex.Civ.App.Waco 1977, no writ). Appellant did not object to the special issue as submitted, TEX.R.CIV.P. 272, nor did he submit a specially requested charge. TEX. R.CIV.P. 273 Questions on the insufficiency of the evidence to support a special issue finding have been construed to mean that there is no evidence to support the jury finding. See Garza v. Alviar, 395 S.W.2d 821, 824 (Tex.1965). Consequently we consider only the evidence and inferences tending to support the submission of the issue and disregard all evidence and inferences to the contrary. See Garza v. Alviar, supra at 823. When there is conflicting evidence on a submitted issue an appellate court generally regards the jury verdict on such issue as conclusive. See Clark v. National Life & Accident Insurance Co., 145 Tex. 575, 579, 200 S.W.2d 820, 822 (1947). On direct examination, a chemist testified that the results of the chemical test called Duquenois-Levine were positive for Tetrahydrocannabinols, which is a substance common to marijuana. Appellant cross-examined the chemist as follows:
Q: Are you aware that the Duquenois-Levine test is considered to be a presumptive test and is not proof-positive that something is marijuana, that it is a screening test?
A: I can agree that it is a screening test, but our laboratory considers the results conclusive.
*555 On re-direct examination the following testimony was given:
Q: [F]rom your testimony as an expert witness in the field of drug analysis, specifically marijuana in this case, is there any doubt that what's been labeled as State's exhibit No. 3 is marijuana?
A: There is no doubt.
The standard for review of a question on the insufficiency of the evidence was restated in Banks v. State, 510 S.W.2d 592, 595 (Tex.Cr.App.1974), wherein the Court stated:
[I]t is the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit. In reviewing the sufficiency of the evidence to support the conviction, we must view the evidence in the light most favorable to the verdict. In doing so, the verdict will be sustained if there is any evidence which, if believed, shows the guilt of the accused. (Citations omitted).
See also Combs v. State, 643 S.W.2d 709, 716 (Tex.Cr.App.1982). Having tested the sufficiency of the evidence question under both civil law and criminal law standards, we hold that the jury's finding that appellant was in possession of marijuana was supported by sufficient evidence. Point of error two is overruled.
The judgment is affirmed.
ESQUIVEL, Justice, dissenting.
I respectfully dissent.
The majority by its reliance on the majority opinion in Mercer v. State, 450 S.W.2d 715 (Tex.Civ.App.Austin 1970, error dism'd as moot) continues to give life to a rule of law that in my opinion should no longer be the law in Texas. The majority in Mercer and the majority here establish the rule that the Fourth Amendment, and its coordinate remedy, the Exclusionary Rule, do not apply to searches of students in school by school officials when the school officials set in loco parentis and not for an arm of the government.
I agree with Justice Hughes in his dissent in Mercer, supra, wherein he states that the action of the principal was as an agent of the government. As stated by the Fifth Circuit court in Horton v. Goose Creek Independent School District, 690 F.2d 470, 480 (5th Cir.1982), "... it is beyond question that the school official employed and paid by the State and supervising children who are, for the most part, compelled to attend, is an agent of the government and is restrained by the Fourth Amendment." See Jones v. Latexo Independent School District, 499 F.Supp. 223, 229 (E.D.Texas 1980).
In view of my declaration that State action was involved, the critical issue is whether the Fourth Amendment standard should be applied when evidence obtained in a search of a student by a school official is used in a criminal prosecution.
It is generally held that "... when the school official acts in furtherance of his duty to maintain a safe environment conducive to education, the usual accommodation is to require that the school official have `reasonable cause' for his action." Horton, supra at 481. What about when, subsequent to such search, the school official calls in the police and turns over the fruits of the search to them for criminal prosecution? Can evidence seized by the school official on the basis of reasonable cause rather than probable cause be used in a criminal prosecution? The Court in Horton, supra, gave no opinion as to these issues but stated that where there is some component of law enforcement activity in the school official's actions, the considerations may be critically different. Horton, supra at 481, n. 19.
I submit that when a school official obtains evidence in the exercise of his obligations to pursue the legitimate interests of the school, he is no longer pursuing such interests when he turns the evidence over to the police to be used in a criminal prosecution. Instead, he is serving the State's interest of exercising its police powers to enforce its criminal statutes. The school interests could be served by simply suspending *556 or expelling the student. Thus, I would hold that before such evidence could be used in a criminal prosecution, the school official must satisfy a standard of probable cause to search rather than a reasonable cause to search. See Doe v. Renfrow, 475 F.Supp. 1012, 1024 (N.D.Ind.1979).
In the instant case it is questionable whether the school official had reasonable cause to search appellant. And certainly, he did not have probable cause to search. The judgment should be reversed and the case remanded to the trial court with instructions that the evidence obtained in the search of appellant be excluded.