**Alfred Ray HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–84–277–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 15, 1984.

Jimmy James, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a judgment of conviction of the felony offense of burglary of a habitation. Appellant, Alfred Ray Hall, entered a plea of not guilty and the jury, finding the enhancement paragraph in the indictment true, assessed his punishment at thirty (30) years confinement in the Texas Department of Corrections.

Appellant raises two grounds of error on appeal. Appellant in his first ground of error argues that the evidence was insufficient, as a matter of law, to prove that appellant acted as a party in the commission of the alleged burglary of a habitation. In his second ground of error appellant asserts that he was denied his constitutionally guaranteed right to reasonably effective assistance of trial counsel, and such defiency prejudiced his defense which deprived him of a fair trial and produced an unjust result. We overrule both grounds of error and affirm.

On December 9, 1983, approximately at noon, Jesse Phillips saw a blue and white Buick back down a dead end street and stop next to the house of Robert Anglos, the complainant. Phillips testified that he resided at 3210 Brackenridge, a few houses down from the Anglos house. When he observed appellant in the blue and white Buick around the Anglos house, Phillips

was visiting the home of another neighbor. Phillips testified that he had seen the car on a previous occasion parked at the apartment complex behind his house. Phillips saw the driver as the car went by. He recalled that he saw appellant get out of the car and open the trunk of the car. Then he saw two men come from the direction of the Anglos house carrying a television set and a microwave oven, which were put in the open trunk. While Phillips watched, he telephoned the Houston Police Department to report a burglary in progress at the Anglos' home. Phillips again saw the driver as the car left the scene. At trial he identified appellant as the driver of the car. Phillips walked to the side of the Anglos' home and saw that one of the windows had been broken. When Anglos arrived, Phillips informed him of the suspicious circumstances. When Anglos checked his house, he reported to Phillips that a microwave oven and a television set were missing. They both made a report to police. The next evening Phillips saw the blue and white Buick parked at a nearby apartment complex as he was walking in the neighborhood. He called the police to report his observation, but the police did not respond to his call. Phillips saw the Buick again on the day after the burglary at the filling station where Phillips worked. Phillips again called the police because appellant stayed at the station for such a long time. A policeman arrived within minutes of his call. Phillips testified that when the first police officer arrived, the officer asked appellant to walk to the rear of the car where they talked and later he searched appellant's car. Other officers arrived and Phillips told them he saw appellant the day before at the Anglos house taking a television set and a microwave oven. Phillips saw appellant arrested and taken away in the patrol car.

The complainant, Robert Anglos, testified that when he returned to his house on December 9, 1983, he found the door unlocked, the kitchen window broken, and a brick on the kitchen floor. He stated that his microwave oven and television set were missing.

Houston Police Officer Gregory Haselberger testified that he answered Phillips' call on December 10, 1983, at a filling station, where Phillips worked. As Haselberger approached, appellant tried to get into his car. Haselberger asked appellant to stop. After Haselberger asked appellant questions concerning his name and the car, the officer pointed his flashlight into the car. He saw a pistol grip in plain view on the floorboard at the bottom edge of the driver's seat. He put appellant in the police car for safety purposes. Upon finding the pistol, the officer advised appellant that he was going to be arrested for unlawful possession of a weapon. Officer Haselberger did not investigate the Anglos burglary. Another police officer, Officer Deather, talked with Phillips about the burglary. Deather did not testify at trial.

The jury found appellant guilty. At the punishment hearing, the State introduced a penitentiary packet showing appellant's prior conviction of automobile theft. The jury found the enhancement allegation in the indictment true and assessed punishment at thirty (30) years in the Texas Department of Corrections.

In his first ground of error, appellant argues that there was insufficient evidence to show that appellant was a party to the alleged burglary.

When reviewing sufficiency of the evidence the test is the same for direct and circumstantial evidence: after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jackson v. State,* 672 S.W.2d 801 (Tex.Crim. App.1984) (en banc). In applying this standard to circumstantial evidence cases, the courts employ a process of elimination to determine whether the evidence excludes all other reasonable hypotheses of the appellant's conduct. "[I]f the evidence supports an inference other than the guilt of

the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding." *Denby v. State,* 654 S.W.2d 457 (Tex.Crim. App.1983). "In circumstantial evidence cases it is not necessary, however, that every fact point directly and independently to the defendant's guilt. It is enough if the conclusion is warranted by the combined and cumulative forces of all the incriminating circumstances." *Flores v. State,* 551 S.W.2d 364 (Tex.Crim.App.1977).

▇▇▇ After a review of the record we find that many incriminating facts were present. Witness Phillips testified that appellant was present at the scene at the time of the burglary. Presence at the scene of the offense is insufficient to support a burglary conviction. However, presence at the scene is a circumstance tending to connect the defendant with the crime and it can be taken in conjunction with other facts to show that he is guilty. *Thompson v. State,* 563 S.W.2d 247 (Tex.Crim.App.1978). Phillips also testified that he saw appellant load property into the trunk of his car. He recalled that he saw a television set and a microwave oven being loaded into appellant's trunk. These two items are exactly the same items which complainant Anglos reported as missing. Finally, appellant's attempt to avoid the arresting officer is an additional incriminating circumstance. We find that the evidence presented in this case is sufficient to support appellant's conviction.

In his second ground of error, appellant complains of ineffective assistance by trial counsel. Specifically, appellant claims that voir dire examination of prospective jurors, the State's presentation of its evidence proving extraneous offenses without objection, and the final argument of defense counsel were areas of deficiencies.

With respect to the voir dire examination, appellant points us to several conversations appellant's attorney had with potential jurors which, he claims, show a deficiency. Further, he claims that appellant's attorney reinstated two jurors in order to comply with the limit of ten stikes and those two jurors had previous experiences as victims of crime. Appellant believes such action to be an example of ineffective assistance.

Appellant asserts that his representation was also ineffective because his trial attorney did not object to efforts by the State to prove extraneous offenses. Before the testimony of the arresting officer, a hearing at the bench was held concerning appellant's motion to suppress a wristwatch and a hand gun which were recovered from appellant's car. At that hearing the State declared its intention not to prove the recovery of the watch, but did state that testimony concerning the pistol would be elicited. Appellant's asserts that his trial attorney never objected to the State's plan. The trial judge never made a ruling on the motion to suppress. Further, appellant calls our attention to testimony vaguely referring to appellant's involvement in a burglary. The alleged harmful dialogue between the prosecutor and arresting officer Haselberger consisted of the following:

Q. So did the two of you receive any other information about him in relation to a burglary *that* night? (emphasis ours)

A. Officer Deather did, yes, ma'am.

Q. Did you overhear part of that?

A. Yes, ma'am. I did.

Appellant's attorney failed to object to this line of questioning. Appellant also claims ineffective assistance in a reference in the State's final argument to recovery of a loaded pistol from appellant's car.

The last area of alleged deficiency is the final argument of appellant's attorney. Appellant claims that the "summation reflects the efforts of a person arguing a case in a broad, general and rambling manner that totally missed the point."

▇▇▇ The Supreme Court in *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established a two prong test to determine if counsel's assistance was so defective as to require reversal of a conviction. The court requires that:

First, the defendant must show that counsel's performance was deficient.

This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

After a review of the totality of representation, we find that appellant has failed to demonstrate that the representation by his attorney amounted to ineffective assistance of counsel.

As the Court of Criminal Appeals Court did in *Ingham v. State*, 679 S.W.2d 503 (Tex.Crim.App.), we do not reach the *Strickland* test with respect to the voir dire examination and the final argument because we cannot find that appellant's counsel was ineffective as that term had been construed to mean.

The right to effective assistance of counsel merely ensures the right to reasonably effective assistance. *Ex Parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980). The constitutional right to counsel does not mean errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Prior v. State*, 540 S.W.2d 723 (Tex.Cr.App.1976). Indeed, judicial scrutiny of counsel's performance must be highly deferential, and every effort made to eliminate the distorting effects of hindsight. *Strickland, supra* [104 S.Ct.] at 2065. An isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel. *Weathersby v. State*, 627 S.W.2d 729 (Tex.Cr.App.1982); *Cude v. State*, 588 S.W.2d 895 (Tex.Cr.App.1979).

*Ingham v. State*, 679 S.W.2d 503 (Tex. Crim.App.1984).

■ Appellant's trial counsel conducted an extensive voir dire examination of the jury panel in an effort to discover those veniremen who could be fair and impartial. He repeatedly told the veniremen that they must presume that appellant is innocent until the State produced evidence to prove his guilt beyond a reasonable doubt.

■ With respect to the final argument, the record shows that after all the testimony was presented, appellant's counsel argued that the State failed to prove its case beyond a reasonable doubt and that the prosecution's witnesses had a reason to fabricate their stories. Although the jury argument was brief, we cannot conclude that it denied appellant effective assistance of counsel. Appellant has failed to demonstrate that trial counsel's assistance and performance was so deficient that it would render his assistance ineffective in these two areas.

We now will consider the alleged deficient area concerning extraneous offenses. Appellant claims that the testimony of the arresting officer should have been objected to since it referred to a subsequent burglary. We find that the testimony was taken out of context. The officer testified to a conversation between another policeman, Officer Deather, and Phillips about the Anglos burglary, and not a subsequent burglary.

■ As for appellant's contention regarding his trial attorney's failure to object to the admission of testimony concerning the pistol recovered from appellant's car on the night of the arrest and reference to the same pistol during the prosecutor's final argument, we find that appellant has met the first part of the *Strickland* test. The trial attorney's failure to object in both instances shows that the attorney's performance was deficient. The State may prove circumstances surrounding an arrest made subsequent to the arrest. *Jones v. State*, 471 S.W.2d 413 (Tex.Crim.App.1971). However, there is an exception to the rule that the State is entitled to prove circumstances surrounding an arrest where the

evidence is inherently prejudicial and has no relevance to any issue in the case. *Hernandez v. State*, 484 S.W.2d 754 (Tex.Crim. App.1972). The admission of any testimony concerning the pistol or a reference to it in the State's final argument was prejudicial and it did not have any relevance to any of the issues in appellant's trial. Appellant's attorney failed to object and such failure was a mistake. However, we find that appellant has failed to meet the second part of the *Strickland* test. Specifically, appellant has failed to show, as *Strickland* requires, that his trial attorney's errors were so serious as to deprive appellant of a fair trial, one with reliable results. In the absence of such proof, we must overrule appellant's ground of error.

Accordingly, we affirm the judgment of the trial court.