**Gonzalo Londono MEJIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–84–471–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 1985.

William Pavlov, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for possession of more than four hundred grams of cocaine with intent to deliver pursuant to TEX.REV.CIV.STAT.ANN. art. 4476-15, § 4.03 (Vernon 1976). Appellant waived trial by jury and pled not guilty. Punishment was assessed by the court at ten years in the Texas Department of Corrections. In two grounds of error the appellant alleges the evidence is insufficient to support the conviction. We sustain his grounds of error and reverse the conviction.

On March 29, 1983, Officers Slay and Furstenfeld of the Houston Police Department were monitoring passengers departing from a Continental Airlines flight from Miami pursuant to their assignment to the Narcotics Division of the Airport Detail. They observed the appellant leave the plane with another passenger named Alasedo. The appellant and Alasedo waited in the terminal concourse until joined by a man named Morales and a woman, both

from the appellant's flight. The officers testified that all four people seemed nervous as they talked together and glanced furtively about the area. All four then proceeded down the concourse with Morales and appellant walking on one side and Alasedo and the woman walking down the opposite side. Officer Furstenfeld followed Alasedo and the woman. Officer Slay observed Morales and the appellant enter a restroom, and when they exited Slay saw appellant hand Morales a Continental ticket folder. Appellant then left the terminal and walked to the taxi area. Officer Slay followed Morales to the airport baggage claim area where Morales claimed three bags and left the terminal. As he left the terminal, appellant passed Morales and the two spoke briefly before Morales continued outside with the bags. Meanwhile, Officer Brown of U.S. Customs followed the appellant and apprehended him. Slay then identified himself to Morales and took him and the bags to a detention area where the appellant, Alasedo and the woman were already detained. Slay recovered from Morales a ticket folder with three baggage claim checks which matched the numbers on the baggage. All four people denied any knowledge of the baggage, one of which was found to contain about four pounds of cocaine. All four people were then arrested. Alasedo and the woman were subsequently released, while appellant and Morales were charged with possession of a controlled substance with intent to deliver. Morales posted bond but left the jurisdiction before trial.

■ Every circumstantial evidence case must be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *See Russell v. State*, 665 S.W.2d 771 (Tex.Crim.App.1983) (en banc), and cases there cited. The reviewing court will look at all the evidence in the light most favorable to the verdict or judgment. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984) (en banc). A conviction on circumstantial evidence cannot be sustained if the circumstances proven do not exclude every other reasonable hypothesis except that of the guilt of the accused, although the circumstances need not exclude every hypothesis, only those reasonably consistent with the facts. *Russell*, 665 S.W.2d at 776. Proof amounting to only a strong suspicion or mere probability is insufficient. *Id.* at 775. In order for the offense of possession of a controlled substance to be proven, the evidence must show that the accused exercised care, control and management over the drug and that the accused knew the drug was contraband. *Morr v. State*, 587 S.W.2d 711 (Tex. Crim.App.1979). A finding of joint possession cannot be based solely on proof of mere presence at the place where contraband is found; there must be an affirmative link between the accused and the drug in such manner, and to such an extent, that a reasonable inference may arise that the accused knew of the drug's existence and its whereabouts. *Gutierrez v. State*, 628 S.W.2d 57, 60 (Tex.Crim.App.1980), and cases there cited.

The state contends that the affirmative link between the appellant and the contraband is most clearly established by the appellant's possession of the airline ticket folder which held the claim check for the bag containing the cocaine. The state also contends the appellant's "guilty knowledge and intent to deliver can all be presumed from his nervous association with the other three passengers culminating in his delivery of the airline ticket folder to Morales."

■ Appellant contends, and we agree, that the link is too tenuous to support his conviction. Officer Slay, who arrested appellant, testified that the reason he arrested the appellant was not because he saw him hand Morales the ticket folder but because he thought appellant "was with Mr. Morales and was involved in the same illegal act that Mr. Morales was involved in." In any event, a review of the record reveals that there is considerable doubt as to whether appellant is linked at all to the ticket folder, tickets, baggage or claim checks involved with the cocaine. Officer Slay testified at the hearing on appellant's Motion to Suppress that he was unable to

keep the ticket folder allegedly passed from appellant to Morales in constant sight. At trial he testified he had no personal knowledge that the folder allegedly given to Morales was the same folder containing the baggage claim checks found on Morales, however, on cross-examination he said it was the same. The only ticket folder found on Morales contained two tickets with the name "Morales" on them; neither contained appellant's name. Officer Slay testified there was no way to determine to which ticket(s) the claim checks were assigned or who checked the bags in order to receive the claim tickets. Further, airport security does not require a showing of the claim tickets to receive the luggage. All four suspects denied any ownership in the luggage. The three bags contained male and female clothing but the officers did not attempt to determine to whom they belonged. In summary, the appellant was never seen with an airline ticket, baggage claim tickets, baggage or cocaine, nor were these objects linked to the appellant in any way other than through a ticket folder.

The appellant's own explanation was that he had traveled to Miami for a two-day trip to visit his mother-in-law, had left his airline ticket in the seat pocket on the plane, had taken no baggage because it was a short trip, and was waiting for someone to pick him up from the airport when detained by customs. He testified that he was somewhat nervous about the customs agent because although he is married to an American, he is a Cuban national. The record also indicates that after the customs agent detained him, he waited patiently outside the restroom while the agent searched it, making no attempt to escape. Appellant denied knowing Morales, Alasedo or the woman and denied being nervous until approached by the customs agent. No attempt was made to determine if appellant's ticket was left on the plane or if appellant was on the airline passenger list. Even if the folder containing the baggage claim tickets found on Morales was the same one given to him by the appellant, there is no evidence that the folder originated with appellant or that appellant had any knowledge of the contents of the baggage. The line is simply too thin to catch this fish.

We hold the evidence is insufficient to prove an affirmative link between the appellant and the cocaine. Accordingly, we reverse the judgment of the trial court and remand with instructions to acquit.