John Kenneth LANES, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 85 153 CR.

Court of Appeals of Texas,
Beaumont.

May 28, 1986.

James A. DeLee, Port Arthur, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

The Appellant was convicted by a jury of the offense of burglary of a habitation. The jury assessed punishment of twenty years confinement in the Texas Department of Corrections. Appellant attacks the jury's verdict by two grounds of error.

By his first ground of error, Appellant urges that the trial court erred in admitting into evidence certain fingerprints obtained by police during an allegedly illegal detention. Appellant filed a "Motion to Suppress" his fingerprints taken by police officers pursuant to an order of the juvenile court. In his "Motion to Suppress", Appellant urged that the prints were taken without his consent and in violation of the "Family Code", Art. 1, sec. 9 of the Texas Constitution, and the Fourth Amendment to the United States Constitution.

■ The State contends that Appellant now urges a ground of error on appeal that he did not bring to the attention of the trial court. While it is true that Appellant did not cite a particular section of the Family Code during the suppression hearing, he did urge that the detention from which the fingerprints resulted was in violation of "the Family Code." While this language was not very specific, the record reflects that the trial court knew exactly which Family Code section was controlling and based his ruling on "Section 51.15 of the Family Code." Since the trial court obviously understood that Appellant's complaints were based on the procedures called for by *Section 51.15,* this ground of error was properly preserved.

Appellant argues that his detention for the purpose of fingerprinting violated *TEX. FAM.CODE ANN. sec. 51.15* (Vernon Pamph Supp.1986) which provides that:

"No child may be fingerprinted without the consent of the juvenile court except as provided in Subsection (f) of this section. . . ."

The record of the suppression hearing shows that the police officers did have the consent of the trial court to detain the Appellant for the purpose of obtaining his fingerprints in connection with an investigation of a burglary. The State urges that this is enough to prove the legality of Appellant's detention. However, Appellant also urges that the detention and fingerprinting were in violation of the Texas and United States Constitutions.

■ The United States Supreme Court has held that the Fourth Amendment applies to detentions for the purpose of fingerprinting. *See Davis v. Mississippi,* 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969). In *Davis,* the Court indicated that such detentions might meet the requirements of the Fourth Amendment even without a showing of probable cause. *Id.* at 728, 89 S.Ct. at 1398. However, the Court held that where police did not make any attempt to comply with the Fourth Amendment, the detention was unconstitutional and the fingerprints obtained were inadmissible. *Id.* Where a person is detained and taken from a place where he is entitled to be, without a warrant or probable cause, for the purpose of being fingerprinted, those fingerprints are not admissible. *See Hayes v. Florida,* —— U.S. ——, 105 S.Ct. 1643, 84 L.Ed.2d 705 (1985). Police may compel a person to give his fingerprints where he is found "if there is a reasonable suspicion that the suspect has committed a criminal act." *Id.* Neither Federal nor Texas courts have ever ruled upon what showing should be required of

police who wish to obtain a juvenile court order to take a child from school to a police station for fingerprinting. However, it is clear that under Texas law a showing of probable cause would be necessary to justify such a detention and fingerprinting of an adult unless some recognized exception to the warrant requirement applied. *See Woods v. State*, 466 S.W.2d 741 (Tex.Crim. App.1971).

■■■ A minor has the same right to be secure in his person as an adult. *See In re R.C.M.*, 660 S.W.2d 552 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Ciulla v. State*, 434 S.W.2d 948 (Tex.Civ.App.— Houston [1st Dist.] 1968, no writ); *Continental Casualty Co. v. Miller*, 135 S.W.2d 501 (Tex.Civ.App.—Waco 1940, no writ). Therefore, an order to detain and fingerprint a child under *TEX.FAM.CODE ANN. sec. 51.15* may not be granted except upon a showing of probable cause.

■■■ The question then is whether the order signed by the juvenile court was supported by a showing of probable cause. We view this issue as being analogous to the situation in which a defendant seeks to suppress evidence obtained during a detention under an arrest warrant. Where a defendant attacks the validity of a warrant on the ground that the affidavit supporting it does not show probable cause, the burden is upon the defendant to show that the affidavit did not reflect probable cause. *See Haynes v. State*, 468 S.W.2d 375 (Tex. Crim.App.1971). The record of the hearing on Appellant's motion to suppress the fingerprints does not reveal any evidence that the juvenile court signed the order for Appellant's detention and fingerprinting without information which reflected probable cause to do so. Assistant District Attorney Rhine's testimony was to the effect that she did not know whether the juvenile court judge had such information before him when he signed the order. Since there is no evidence as to whether the judge received information from some other source, which would tend to establish probable cause for ordering Appellant's detention and fingerprinting, the Appellant failed to carry his burden. *See id.* Appellant's first ground of error is overruled.

■■■ By his second ground of error Appellant argues that the evidence was insufficient to find him guilty beyond a reasonable doubt. The testimony of the complaining witness established that it was her habit to keep her house locked "at all times." The complainant's next door neighbor testified that the complainant kept her doors locked. On the day after the burglary, police officers found two of Appellant's latent fingerprints on the outside of a window on the complainant's back porch. The back porch was screened in and entirely enclosed. Testimony of police officers indicated that someone had cut the screen near the back porch door and thereby gained entry to the porch. The window on which Appellant's prints were discovered was open when the officers arrived. Fingerprints alone are sufficient to sustain a finding of guilt, if the evidence shows that the fingerprints must necessarily have been made at the time of the offense. *See Bowen v. State*, 460 S.W.2d 421 (Tex.Crim. App.1970), and *Broussard v. State*, 658 S.W.2d 784 (Tex.App.—Beaumont 1983, no pet). The record in the present case shows that the fingerprints must have been placed on the window at the time of the offense. No other reasonable hypothesis as to when Appellant's fingerprints could have been placed on the window is raised by the evidence. Therefore, the evidence was sufficient to prove the Appellant's guilt beyond a reasonable doubt. *See Nilsson v. State*, 477 S.W.2d 592 (Tex.Crim. App.1972). The Appellant's second ground of error is overruled and the judgment of the trial court affirmed.

Affirmed.

BURGESS, Justice, concurring.

I concur in the result with these added remarks. This holding requires a showing of probable cause in order to detain and fingerprint a child under *TEX.FAM.CODE ANN. sec. 51.15* (Vernon Supp.1986). I would require this showing to be in the

form of an affidavit. This would allow for proper review.