**Gary Lynn WASHINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–86–125–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 20, 1986.

Discretionary Review Refused
March 18, 1987.

Anthony Kayal, Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Calvin A. Hartmann, Jim Peacock, Houston, for appellee.

Before PAUL PRESSLAR, SEARS and CANNON, JJ.

OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of aggravated sexual assault. Appellant was found guilty by a jury and his punishment was assessed at confinement for forty-five years in the Texas Department of Corrections. We affirm.

Appellant asserts as his only point of error that the evidence was insufficient to support a verdict of guilty on the issue of identification. The record reflects that in the early morning hours of July 23, 1985, the complainant was asleep in bed, when she was awakened by a man holding a pillow over her face. She was able to push the pillow away and saw a muscular black man with a ladies' nylon stocking over his face. She asked him how he got in and he replied "Through the little girl's room." The man warned complainant that if she screamed he would kill her. He then sexually assaulted her. The man took her into her living room and attempted to assault her again when they heard her alarm clock go off. He told her to go turn it off and then fled through the front door while she was in the bedroom.

The evidence showed that the assailant entered the apartment through the daughter's bedroom window. The screens were removed from both complainant's and her daughter's bedroom windows. Complainant's window was raised approximately eight inches but then jammed. The daughter's window was completely raised. There were pry marks at the bottom of both windows. A police officer lifted three palm prints from the outside of the windows—two from complainant's and one from her daughter's. No prints were lifted from the inside of the windows. The officer testified that the prints were of very high quality and were approximately one day old. The latent print examiner for the Houston Police Department positively identified the prints as those of Appellant. The complainant testified that she did not know Appellant and that he had never been to her apartment on any other occasion. Positive identification of the assailant was impossible due to the stocking over his face. Appellant asserts that the prints found on the outside of the windows did not prove that he was ever inside the apartment.

■ The standard for reviewing the sufficiency of the evidence on appeal is to view the evidence in the light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Taylor v. State*, 684 S.W.2d 682, 684 (Tex.Crim.App.1984); *Hall v. State*, 681 S.W.2d 867 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). The facts which support the conviction must exclude all other *reasonable* hypotheses except the defendant's guilt. *Mejia v. State*, 689 S.W.2d 485 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd); *Garcia v. State*, 683 S.W.2d 715 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). The evidence need not exclude every *conceivable* hypothesis that someone other than the accused committed the offense. *Garcia v. State*, 683 S.W.2d 715 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd); *Davis v. State*, 630 S.W.2d 769 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd). It is sufficient if the facts make it highly unlikely that the prints were

put there in a manner inconsistent with Appellant's guilt. *Phelps v. State*, 594 S.W.2d 434 (Tex.Crim.App.1980).

■ It is well established that fingerprints alone are sufficient to sustain a finding of guilt if the evidence shows that the fingerprints must necessarily have been made at the time of the offense. *Nelson v. State*, 505 S.W.2d 271, 273 (Tex.Crim.App. 1974); *Wheat v. State*, 666 S.W.2d 594 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). One of the most important factors to be considered in determining the sufficiency of the fingerprint evidence is the extent to which the object upon which the fingerprints were discovered was accessible to the accused. *Phelps v. State*, 594 S.W.2d 434, 436 (Tex.Crim.App.1980); *See, Lanes v. State*, 711 S.W.2d 403 (Tex.App.—Beaumont 1986, no pet.).

■ This court has previously considered a fact situation almost identical to the case at bar. *Anderson v. State*, 672 S.W.2d 14 (Tex.App.—Houston [14th Dist.] 1984, no pet.). There, the complainant could not identify her rapist and the only evidence tending to connect the accused to the offense was a single fingerprint found on the outside of a windowpane in the complainant's home. The window was covered by a hooked screen on the day the offense occurred. The screen was found unhooked and bent the following day. We found this sufficient circumstantial evidence to support the conviction. In the present case, the windows were closed and covered by exterior screens prior to the assault. After the assault the screens were missing and the windows were open. The palm prints were discovered in a position at the bottom of the window that was consistent with a person trying to lift or raise the window.

There is no reasonable explanation for the palm prints other than that they were placed there by Appellant at the time of the offense. Every *reasonable* hypothesis other than Appellant's guilt was excluded and he was properly convicted on the circumstantial evidence. Appellant's point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.