COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-298-CR
 
ISABELITA MORALES                                                              
    
APPELLANT
V.
THE STATE OF TEXAS                                                              
        
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Isabelita Morales appeals from her conviction for possession
with the intent to deliver a controlled substance, cocaine, of 400 grams or
more. In her sole point, she argues that the trial court erred in denying her
motion to suppress the seized drugs. We affirm.
Appellant was a passenger in a car that was stopped and searched,
resulting in the seizure of over 400 grams of cocaine. The car was not
registered in appellant's name, nor did she show that she had an expectation of
privacy in the car. Instead, appellant contends that she has standing to
challenge the search because she was illegally arrested. See
State v. Crisp, 74 S.W.3d 474, 480 (Tex. App.--Waco 2002, no pet.) ("[I]f
his Fourth Amendment rights were violated because he was illegally detained or
illegally arrested, he would have standing to contest the search of the
car.").
Appellant was arrested based on an outstanding arrest warrant, which
later was discovered to have been recalled two days before her arrest. Appellant
contends that because there was no showing that the arrest warrant had been
based on probable cause and because the warrant and supporting affidavit were
not admitted into evidence, her arrest was illegal, and the evidence should have
been suppressed.
Appellant did not complain in the trial court that the arrest warrant
was not based on probable cause. See Tex. R. App. P.
33.1(a); Baldree v. State, 784 S.W.2d 676, 684 (Tex. Crim.
App. 1989) (holding appellant waived challenge to validity of arrest warrant
because not only was warrant not in appellate record, but "the record is
clear that appellant never challenged its validity in the trial court"), cert.
denied, 495 U.S. 940 (1990). Instead, appellant's trial counsel stipulated
at the motion to suppress hearing that, although the warrant was recalled, it
was valid. See Dusek v. State, 467 S.W.2d 270, 271-72
(Tex. Crim. App. 1971) (holding stipulations by defendant that arrest warrants
are valid on their face precludes challenge to validity of arrest warrants).
Thus, appellant cannot now complain that the warrant was invalid and that it was
not based on probable cause. See id.; see
also Tex. R. App. P. 33.1(a). Appellant also does not challenge on appeal
the State's contention at the hearing that the police arrested appellant in
good-faith reliance on the arrest warrant at the time of the arrest. See
Tex. Code Crim. Proc. Ann. art. 38.23(b) (Vernon Supp. 2003). Consequently,
appellant presents no argument on appeal, which we can address, that supports
her contention that the trial court erred in denying her motion to suppress
because her arrest pursuant to the warrant was unlawful. We overrule appellant's
sole issue and affirm the trial court's judgment.
 
                                                                      
PER CURIAM
 
PANEL F: DAY, DAUPHINOT, and HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 14, 2003

1. See Tex. R. App. P. 47.4.