

NUMBER     13-19-00168 - CR &
13-19-00169 - CR &
13-19-00170 - CR &
13-19-00171 - CR &
13-19-00172 - CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHASE EUGENE ANDERSON,                          **Appellant,**

**v.**

THE STATE OF TEXAS,                                 **Appellee.**

### On appeal from the 187th District Court
### of Bexar County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

In appellate cause numbers 13-19-00168-CR, 13-19-00169-CR, 13-19-00170-CR,

13-19-00171-CR, and 13-19-00172-CR, pursuant to a plea agreement with the State,

appellant Chase Eugene Anderson pleaded guilty to five counts of aggravated robbery with a deadly weapon, a first-degree felony.[1] *See* TEX. PENAL CODE ANN. § 29.03. Anderson received concurrent sentences of thirty-five years' confinement under the habitual felony offender statute. *See id*. § 12.42(d). By one issue, Anderson contends that the arrest warrant had insufficient facts to support a finding of probable cause.[2] We affirm.

## I.    MOTION TO SUPPRESS

By his sole issue, Anderson contends that the trial court should have granted his motion to suppress because the affidavit contained false information insufficient to support a finding of probable cause. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978) (concluding that when the defendant alleges a deliberate falsehood or reckless disregard for the truth with an accompanying offer of proof, a hearing on those allegations is required if disregarding the alleged false statement would render the affidavit insufficient). The State responds that this issue must be overruled because Anderson failed to ensure that the affidavit and search warrant were included in the appellate record, and therefore, the issue is not preserved for our review.

In *Moreno v. State*, the Texas Court of Criminal Appeals set out the procedure for preserving error when contesting a search warrant and its accompanying affidavit. 858 S.W.2d 453, 461 (Tex. Crim. App. 1993); *see Gant v. State*, 649 S.W.2d 30, 33 (Tex. Crim. App. 1983) (reiterating that "if [an] appellant desires an appellate review of [an arrest] warrant and supporting affidavit, if any, he must offer a copy thereof for the record" so long as "the record reflects that the arrest warrant was exhibited to the trial judge for a

---

[1] This case was transferred to this Court from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] In all appellate causes, Anderson makes the same argument.

ruling"); *see also Santos v. State*, No. 04-15-00720-CR, 2016 WL 4772362, at *1 (Tex. App.—San Antonio Sept. 14, 2016, pet. ref'd) (mem. op., not designated for publication). First, the State must produce the contested warrant and its supporting affidavit for the trial court's inspection. *Moreno*, 858 S.W.2d at 461; *see also Santos*, 2016 WL 4772362, at *1. Once the State produces the warrant and accompanying affidavit for the trial court's inspection, it becomes the defendant's responsibility to ensure that both are included in the appellate record for our review. *Moreno*, 858 S.W.2d at 461; *see also Santos*, 2016 WL 4772362, at *1. If the defendant fails to do so, any issue concerning the warrant and affidavit is waived. *Moreno*, 858 S.W.2d at 461; *see also Santos*, 2016 WL 4772362, at *1.

At the suppression hearing, the record reflects that the arrest warrant and supporting affidavit were exhibited to the trial court for a ruling. *See Gant*, 649 S.W.2d at 33. However, Anderson did not ensure that the warrant or the affidavit were admitted into evidence or proven up by bill of exception. *See Swain v. State*, 661 S.W.2d 125, 126 (Tex. Crim. App. 1983) (concluding that there was nothing to review because he affidavit and search warrant were never introduced into evidence or proven up by way of bill of exception). Thus, neither is included in the appellate record. Accordingly, we conclude that Anderson has not preserved his issue challenging the warrant's validity for our review. *See Moreno*, 858 S.W.2d at 461; *see also Santos*, 2016 WL 4772362, at *1 (concluding that the appellant failed to preserve error under these same facts). We overrule Anderson's sole issue.

## II. CONCLUSION

We affirm the judgments in appellate cause numbers 13-19-00168-CR, 13-19-

00169-CR, 13-19-00170-CR, 13-19-00171-CR, and 13-19-00172-CR.

JAIME TIJERINA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of February, 2020.